## Prangley v. Diehm et al.

*W. Hensel Brown,* for plaintiff.
*Bernard J. Myers,* for defendants.

SCHAEFFER, P. J., and WISSLER, J., September 1, 1943.—Plaintiff, Lawrence C. Prangley, has filed a bill in equity against the Commissioners of the County of Lancaster, Pa., to restrain and enjoin them from submitting a referendum vote in Martic Township, Lan-

caster County, Pa., on the question of granting licenses in said township for: (*a*) Retail dispensers of malt and brewed beverages; and (*b*) liquor licenses for sale of liquor. A rule was granted by the court returnable August 30, 1943, at which time a hearing was held. The answer filed admits most of the material facts, but raises questions of law.

It is contended that the petitions for the referendum vote in question are defective and void for the following reasons: First, the petitions are not sworn to by the circulator of the petitions or by someone familiar therewith, in violation of the Election Code of Pennsylvania; second, two of the four petitions contain an "x" opposite the word "no" on the proposed ballots as submitted in the petitions, rendering the petitions "void and invalid and of no force and effect", and thereby "leaving an insufficient number of signers to justify the submitting of the question of vote thereon to the electors at the primary election"; and third, the failure of the petitions for the referenda to indicate or show on the form of the ballot contained in the petitions in what township and county the proposed election is to be held.

In paragraph 7 of the bill in equity it is averred:

"That on none of the petitions filed for the referenda for the granting of licenses for the sale of liquor and for the sale of malt and brewed beverages for consumption on the premises where sold was there an affidavit by the party circulating the petitions, or by anyone, stating that the names subscribed to the said petitions were placed on the petition with full knowledge of its contents or that the residence given by the signer was true and correct, or that the names were signed on the day and date indicated on the petitions, or that to the best of the knowledge and belief of anyone that the signers were qualified electors of said Township of Martic, County of Lancaster, in the Commonwealth of Pennsylvania."

It appears that blank affidavits are attached to all these petitions, but none of them is filled in. The question arises whether such an affidavit is mandatory. The referendum in question is provided for in the Pennsylvania Liquor Control Act. See section 502 of the Act of November 29, 1933, P. L. 15, art. V, as amended by section 1 of the Act of June 16, 1937, P. L. 1762, 47 PS §744-502, and section 32 of the Beverage License Law of May 3, 1933, P. L. 252, as amended by section 1 of the Act of June 16, 1937, P. L. 1827, 47 PS §100(n). However, it was decided in Frederick H. Harper, Jr., Inc., Appeal, 150 Pa. Superior Ct. 569, 573 (1942):

"Within the meaning of the Election Code of June 3, 1937, P. L. 1333, as amended, 25 PS §2600 et seq., a local option referendum is a special election. *Kram v. Kane et al.*, 336 Pa. 113, 8 A. 2d 398. The Code requires special elections to be held in accordance with its provisions relating to November elections, and section 637, art. VI, 25 PS §2787, reads as follows: 'Every special election, held under the provisions of this article, shall be held and conducted in all respects in accordance with provisions of this act relating to November elections and the provisions of this act relating to November elections shall apply thereto in so far as applicable, and not inconsistent with any other provisions of this Act.' "

The Election Code provides that the person securing signers to a nominating petition shall make an affidavit thereto, but there is no express provision in the Election Code or in the Liquor Control Act, as amended, requiring the petitions for a local option referendum to be verified by affidavit. The general policy of the law is to require petitions containing allegations of fact to be sworn to. The Act of April 9, 1915, P. L. 72, sec. 1, provides as follows:

". . . a judge of any court of record shall not, in any matter, case, hearing, or proceeding before him,

receive or consider any petition, or paper in the nature of a petition, alleging any matter of fact, unless the petition or paper is duly verified as to such allegations."

Rule 206 of the new Pennsylvania Rules of Civil Procedure provides that "every petition and answer containing allegations of fact which do not appear of record shall be verified by affidavit". The petitions in controversy were not presented to the court but to the Commissioners of Lancaster County. Nevertheless, these petitions containing allegations of material and requisite facts should be sworn to by some reliable person familiar with the signatures and the facts averred in the petitions. In a similar case in Huntingdon County, G. Donald Fisher, Clarence Silknitter and Fred W. Decker v. C. H. Fetterolf, Harry Davis and W. H. Shafer, Commissioners of the County of Huntington, September term, 1943, no. 401, the court said:

"The petition should be properly signed by the person getting the signatures to it, and he or she to swear to same should appear in person before the notary public or person authorized to take affidavits."

In the absence of express statutory requirement of such an affidavit this defect by itself does not render the petitions void, but it is the better practice to have the petitions duly verified by affidavit.

On one of the petitions for the referendum for the granting of liquor licenses and on one of the petitions for the referendum on malt and brewed beverage retail dispensers' licenses for consumption on the premises where sold, there appears opposite the word "no" on the proposed ballots an "x" which, in our opinion, vitiates these two petitions. It was testified at the hearing that these "x" marks were on both petitions at the time they were filed in the commissioners' office of Lancaster County. The ballot asked to be submitted to the voters contains the words "yes" and "no", but it cannot have any "x" mark in the space to the right

of these words, which spaces are left to express the will of the voters. By eliminating the signers to these two petitions there are left only 55 registered voters for the referendum on the question of granting malt and brewed beverage retail dispensers' licenses and likewise there are left only 55 registered voters for the referendum on the question of granting liquor licenses. Twenty-five percent of the highest vote cast for any office in said township or municipality at the last preceding general election is 68. This leaves an insufficient number of qualified registered voters to comply with the law in authorizing the question to be submitted to the voters. See Aukamp et al. v. Diehm et al., 336 Pa. 118, and Kram v. Kane et al. 336 Pa. 113. This conclusion is in accordance with the recent Huntingdon County case, supra.

The court considers the third objection to the petitions without merit in view of the allegations contained in the petitions that the referendum is to be submitted in Martic Township, Lancaster County, Pa. In Kittanning Country Club's Liquor License Case, 330 Pa. 311 (1938), involving a referendum vote on a liquor license, it was decided that the election was not an expression of the will of the people in the manner provided by the statute because the question submitted to the electors improperly described the municipality in which the election was conducted. In the instant case no such situation exists. In Kemmerer's License, 27 D. & C. 149 (1936), it was decided that a municipal referendum upon the issuance of retail malt or brewed beverages licenses is wholly void, even though the question was presented to the voters in proper form, if the petition upon which it was based was defective.

And now, September 1, 1943, upon consideration of the foregoing case, the rule granted by this court on August 20, 1943, to show cause why a permanent injunction should not be issued against defendants is made absolute.

It is ordered, adjudged, and decreed that G. Graybill Diehm, Harry R. Metzler, and Fred W. Wagner, Commissioners of the County of Lancaster, be restrained and enjoined permanently from submitting a referendum vote on the questions of granting malt and brewed beverage retail dispenser licenses and liquor licenses in the Township of Martic, County of Lancaster, Commonwealth of Pennsylvania, at the primary election on September 14, 1943, as set forth in the bill in equity.