Soulchin Liquor License Case.

Argued October 5, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

G. S. Parnell, with him Earl R. Handler, Mead J. Mulvihill, Parnell, Handler & Malcolm and Mulvihill, Gollmar, Herron & Grier, for appellants.

George W. Musser, Special Deputy Attorney General, Horace A. Segelbaum, Deputy Attorney General, and T. McKeen Chidsey, Attorney General, for appellee.

*R. Carlyle Fee,* with him *Peelor, Serene & Fee,* for Indiana County Board of Elections, intervenor-appellee.

OPINION BY RENO, J., November 9, 1948:

The Liquor Control Board refused a license to appellants upon the sole ground that the territory in which their restaurant was located had become dry as a result of a local option referendum held on September 9, 1947. Challenging the validity of the election, they appealed to the court below which sustained the board.

In the court below, appellants contended that the referendum was invalid because the petitions by which it was instituted were defective in that (a) they were not verified by affidavits as required by the Election Code of June 3, 1937, P. L. 1333, §909, 25 PS §2869, and (b) contained alterations and mutilations of the form of the question to be submitted. Upon the latter proposition, the court ruled: "If there was an erasure or mutilation, it was of a non-essential portion of the petition and could not vitiate the petition if otherwise good."

Upon the more important question, the court held, following an analogous case, *Harrisburg Sunday Movie Petition Case,* 352 Pa. 635, 44 A. 2d 46, that the provision of the Pennsylvania Liquor Control Act of November 29, 1933 (Special Session), P. L. 15, §502, as amended, 47 PS §744-502, requiring that local option referenda be conducted "in the manner provided by the election laws of the Commonwealth" effectually incorporated the relevant commands of the Election Code into the Liquor Control Act, and that, consequently, objections to referendum petitions must be filed within seven days after the last day for filing election petitions, otherwise they "shall be deemed to be valid": Election Code, supra, §977, 25 PS §2937.

If we were free to examine the questions decided by the court below we should be unable to discover error.

However, since the Liquor Control Act, supra, §404, 47 PS §744-404, provides that "There shall be no further

appeal" from the decision of the quarter sessions upon the refusal of the board to grant a liquor license, appellants' case is before us on a certiorari, and our review is limited to an inspection of the record to determine only whether the court below had jurisdiction and the regularity of its proceedings. *Kimmell Liquor License Case,* 157 Pa. Superior Ct. 59, 41 A. 2d 436, which followed *Grime v. Department of Public Instruction,* 324 Pa. 371, 188 A. 337. See *Kaufman Construction Co. v. Holcomb,* 357 Pa. 514, 55 A. 2d 534, where Mr. Justice HORACE STERN has collated and reviewed the authorities. In the cases upon which appellants rely, as we pointed out in the *Kimmell* case, the question of the limited jurisdiction of this and the Supreme Court was not raised. Here it has been specifically raised, and, confining our decision to the field assigned to us, we are permitted to declare only that the court below had jurisdiction of the appeal and that its proceedings were regular.

Order affirmed.