## Montoursville Referendum

*Don L. Larrabee,* for petitioners.

*Greevy & Greevy,* for respondents.

WILLIAMS, J., July 28, 1949.—A petition by electors of the Borough of Montoursville was filed with the Lycoming County Commissioners for a referendum on the question of granting liquor licenses in Montoursville, as provided for by article V, sec. 502, of the Act of November 29, 1933, P. L. Special Sessions 15, as amended.

The act provides as follows:

"Whenever electors equal to at least twenty-five per centum of the highest vote cast for any office in the municipality or township at the last preceding general election shall petition the county commissioners for a referendum on the question of granting such liquor licenses, the county commissioners shall cause a question to be submitted at the primary immediately preceding the municipal election occurring at least sixty days thereafter, by certifying a resolution, duly adopted, to the county commissioners for submission of such question, on the ballot or on voting machines, at such election in the manner provided by the election laws of the Commonwealth."

A petition was presented to the court specifically setting forth that certain of the names listed on the petition for referendum were not qualified electors of the Borough of Montoursville, and setting forth that there were not sufficient electors on the petition to equal 25 per centum of the highest vote cast for any office in the borough at the last preceding general election.

The petition was in accordance with article IX, sec. 977 of the Act of June 3, 1937, P. L. 1333, as amended by the Act of May 21, 1943, P. L. 353, sec. 1, 25 PS §2937, and correctly so: Harrisburg Sunday Movie Petition Case, 352 Pa. 635. See Soulchin Liquor License Case, 163 Pa. Superior Ct. 372, which suggests that a liquor referendum is analogous to a movie referendum.

At the hearing it was shown that the highest vote cast for any office at the last preceding general election was 1268. This vote happened to be for President of the United States, and the one who received the most votes in Montoursville for President of the United States was Thomas E. Dewey, whose vote was 872. It is argued by those who petitioned for a referendum that only electors amounting in number to 25 per centum of Dewey's vote are necessary on the petition to have the question submitted to the voters.

If the court sustains this argument, then there are sufficient signatures to have the question placed on the ballot as there were 317 names on the petition, only 35 of these names being questioned.

However, if the court should take the figure of 1,268 as the basis of its 25 per centum calculation, then it would be necessary for the petitioners for referendum to have the names of 317 electors on their petition, this being one-fourth of 1,268.

The objectors' original petition lists 23 names on the referendum petition which do not appear to be names of electors; an amended petition lists 12 additional names that do not appear to be registered. Of these 34 names the court finds that 24 were either not electors when they signed the referendum petition or had signed more than once.

Inasmuch as there were only 331 names on the referendum petitions, a deduction of 24 names would mean 10 less than the required 317 names.

In our opinion the phrase "the highest vote cast for any office" means not only the highest vote cast for any single office as suggested by Judge Patterson in Hoover et al. v. Blair County Commissioners, 48 D. & C. 199, but also the highest vote cast for all candidates for any one office: Banks v. Shearer et al., 24 D. & C. 650.

Had the legislature intended otherwise, it would have used in the place of "office", candidate for office, officer, nominee or some similar word.

Those in favor of a referendum have asked the opportunity to secure additional names to their petition. This cannot now be done. The legislature has provided means for having local option and has placed a deadline on the time for filing such petition in order that there be time for any litigation concerning the defectiveness of the same. It is too late now to add signatures. It was too late at the time of the hearing.

The legislature has made as a requirement for having a local option election of this nature that 25 percent of the electors petition for such vote. We feel that the legislature was correct in so doing. Any election is an expensive procedure. If those who desire a vote cannot get 25 per cent of the electors to ask for such vote, it is certainly useless to spend the money of the county to print the ballots.

Twenty-four of the signatures on the referendum petition are not electors. Those in favor of a referendum made no effort to dispute these names despite the fact that they were given ample opportunity to do so. This being the case, the petitions are fatally defective in that there are insufficient elector signors. This is the case even though we were to count the signatures of those people who signed differently than the way they registered.

### Order

It is hereby ordered and decreed that the petition for a referendum under the liquor laws in Montoursville is defective in that there is an insufficient number of genuine signatures of electors entitled to sign the same under the provisions of the act. The petition is hereby set aside and the election board is hereby ordered not to place the question on the ballot.

Larrabee, P. J., concurs.