## Commonwealth ex rel. McLaughlin et al. v. Franklin County Commissioners

*William C. Hazlett,* for plaintiffs.

*Paul M. Crider,* for defendants.

WINGERD, P. J., August 30, 1949.—This matter comes before the court on a complaint in mandamus brought by two electors of the Township of Peters, County of Franklin, praying that the county commissioners, county board of election, be ordered to submit to the voters of Peters Township at the coming primary election, to be held on September 13, 1949, by proper questions, a referendum concerning the

granting of licenses for the sale of malt and brewed beverages and for the sale of liquor. There is no dispute concerning the facts, which are as follows:

Petitions, made up in proper form, both with reference to the granting of licenses for the sale of malt and brewed beverages and for liquor, were circulated among the electors of Peters Township by plaintiffs in the mandamus proceeding. The required number of signers were obtained and the petitions when signed were admittedly in proper form. Plaintiffs took the petitions, in order to make the proper affidavits to them as they had circulated the petitions, to the office of a justice of the peace. The petition in reference to malt and brewed beverages, when signed, was as follows:

"TO THE COUNTY COMMISSIONERS
OF FRANKLIN COUNTY,
COMMONWEALTH OF PENNSYLVANIA.

"The undersigned electors of the Township of Peters, County of Franklin, Commonwealth of Pennsylvania, being equal to at least twenty-five percentum of the highest vote cast for any office at the last preceding general election, respectfully petition your Honorable Board to grant a referendum on the question of granting malt and brewed beverage licenses to retail dispensers, as provided for in the Act of General Assembly of the Commonwealth of Pennsylvania, as approved on the 3rd day of May, A.D., 1933 (Pamphlet Laws 252, as amended), entitled 'Beverage License Law,' and further request that you proceed as directed by said act to submit such question on the ballot or on voting machines at the primary election next ensuing, in the manner provided by the election laws of the Commonwealth, to the duly qualified electors of the above named Township of Franklin Co., which question shall be in the following form:

DO YOU FAVOR THE GRANTING OF
MALT AND BREWED BEVERAGE RE-
TAIL DISPENSER LICENSES FOR Yes
CONSUMPTION ON THE PREMISES No "
WHERE SOLD IN THE TOWNSHIP OF
PETERS, COUNTY OF FRANKLIN,
PENNSYLVANIA.

The petition in reference to liquor when signed was
as follows:

"TO THE COUNTY COMMISSIONERS
OF FRANKLIN COUNTY,
COMMONWEALTH OF PENNSYLVANIA.

"The undersigned electors of the Township of Peters,
County of Franklin, Commonwealth of Pennsylvania,
being equal to at least twenty-five percentum of the
highest vote cast for any office at the last preceding
general election, respectfully petition your Honorable
Board to grant a referendum on the question of grant-
ing licenses to hotels, restaurants, and clubs, for the
sale of liquor, as provided for in the Act of General
Assembly of the Commonwealth of Pennsylvania, as
approved on the 29th day of November, A.D. 1933
(Pamphlet Laws fifteen (15) 1933-34 as amended),
entitled 'Pennsylvania Liquor Control Act,' and further
request that you proceed as directed by said act to
submit such question on the ballot or on the voting
machines, at the primary election next ensuing, in
the manner provided by the election laws of the Com-
monwealth, to the duly qualified electors of the above
named Township of Franklin Co., which question shall
be in the following form:

DO YOU FAVOR THE GRANTING OF
LIQUOR LICENSES FOR THE SALE OF
LIQUOR IN THE TOWNSHIP OF Yes
PETERS, COUNTY OF FRANKLIN, IN No "
THE COMMONWEALTH OF PENNSYL-
VANIA.

When these petitions were taken to the office of the justice of the peace, the justice of the peace advised the plaintiffs that it was necessary to put an X after the word "Yes", because licenses are now prohibited in said township. Acting on this advice, the justice of the peace and plaintiffs put an X, some in lead pencil and some in ink, on all the petitions, after the word "Yes" in the form of question set forth therein. Plaintiffs, having circulated the petitions, made the affidavits required before a notary public. The petitions, on July 14, 1949, the last day for their presentation to the county commissioners being July 15, 1949, were presented to the county commissioners and marked received on that day by the clerk, such action being admitted by defendants as a filing with the county commissioners. On July 19, 1949, the county commissioners, at a meeting held on that date, passed the following resolution:

"WHEREAS, our Solicitor has advised us that the petitions filed for Malt and Liquor Referendum in Peters Township are not in proper form in view of the fact that an 'X' appears in the question attached to the petitions and that certain Courts have decided that such marking invalidates the petitions,

"THEREFORE BE IT RESOLVED, It was moved by Mr. Zimmerman and seconded by Mr. Gillan and unanimously passed that the County Commissioners reject the petitions and that notice thereof be given to the parties filing the same by the Sheriff.

(Signed)   Norman C. Feldman
Clerk"

On July 20, 1949, the following notice was served by the Sheriff of Franklin County on plaintiffs:
"L. C. McLaughlin
David W. Snyder
"Dear Sirs:—

"The petitions for granting Malt or Liquor License filed in this office on July 14, 1949, has been received and the Question on the petition shows an (X) after the word (YES).

"There are several Court cases which holds that this invalidates the petition and we have therefore decided that we cannot submit this Question on the ballot.

"The law provides that any person aggrieved by our ruling they have the right to appeal to the Court and the time limit for this appeal we believe to be July 22nd, 1949.

"We are therefore notifying you that the petition is not in proper form and that we cannot approve the same.

Respectfully,<br>
FRANKLIN COUNTY ELECTION BOARD,<br>
By (Signed)   Norman C. Feldman<br>
Clerk"

The petitions were retained by the county commissioners and were, at the hearing on petition and answer in the instant case, handed to the court by the attorney for the county commissioners as part of the papers in the case.

On July 26, 1949, the complaint in mandamus was filed and on August 2, 1949, the answer thereto was filed.

The contention of defendants is that the petitions are invalid because of the X marks, which appeared in the form of the question set forth therein when they were presented to and received by the county commissioners. It is admitted that otherwise the petitions are proper, both in substance and in form, and there is no contention, as we have said, concerning the facts involved.

Petitions filed under the local option provisions of the Pennsylvania Liquor Control Act and the Beverage

License Law are governed by the provisions of the election laws of this Commonwealth applying to the filing of nomination petitions of candidates for public office. In the Harrisburg Sunday Movie Petition Case, 352 Pa. 635, the Supreme Court of Pennsylvania stated:

"The Court below held that the requirement about submitting 'a question to determine the will of the electors with respect to motion picture exhibitions' must be 'in the manner provided by the election laws of the Commonwealth' applied to every phase of the procedure of submitting the question stated and that since the election laws require that petitions relating to the filing of nomination petitions of candidates for public office had to be verified by affidavits, the petitions filed in this case should likewise be verified by affidavits. . . .

"The court held that in order to have the question with respect to Sunday motion picture shows 'submitted in the manner provided by the election laws' it must be placed on the ballot by petitions which comply with their requirements for nomination petitions set forth in Sections 908 and 909 of the Election Code . . . and that the Act of 1935 by reference to the election laws makes the cited sections of the Act of 1937 applicable to petitions filed under the 1935 Act.

"The court pertinently points out that 'Only by applying the provisions of the Election Code to this determination (with respect to Sunday motion picture shows) is an orderly procedure established. Otherwise there is nothing to regulate the form of the petitions or what they should contain.' . . .

"We find that it is clearly implied, if not clearly expressed, in the applicable statute, that all the safeguards the law has placed around nomination petitions in order to insure their genuineness, have also been

placed around the petitions to be filed for the purpose of causing to be submitted to the electorate in any municipality the question whether or not motion and sound pictures may be exhibited in that municipality."

Although this decision applies directly to referenda as to Sunday motion pictures, as the statutes providing for referenda on beverage and liquor questions require the submission of such question "in the manner provided by the election laws of the Commonwealth", the only logical conclusion is that the election laws of the Commonwealth apply to every phase of the procedure of submitting questions to the electorate to determine questions of local option as to the sale of malt and brewed beverages or liquor: Soulchin Liquor License Case, 163 Pa. Superior Ct. 372. This being the case, we must turn to the election laws of this Commonwealth having to do with the filing of nomination petitions in deciding the rights of the respective parties in the present proceeding.

Section 976 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, as amended by the Act of June 28, 1947, P. L. 1038, contains the following:

"When any nomination petition, nomination certificate or nomination paper is presented in the office of the Secretary of the Commonwealth or of any county board of elections, for filing within the period limited by this act, it shall be the duty of the said officer or board to examine the same. No nomination petition, nomination paper or nomination certificate shall be permitted to be filed if—(a) it contains material errors or defects apparent on the face thereof, or on the face of the appended or accompanying affidavits; or (b) it contains material alterations made after signing without the consent of the signers; . . . The action of said officer or board in refusing to receive and file any such nomination petition, certificate or paper,

may be reviewed by the Court of Common Pleas of the proper county upon an application for a writ of mandamus to compel its reception as of the date when it was presented to the office of such officer or board; Provided, however, That said officer or board shall be entitled to a reasonable time in which to examine any petitions, certificates or papers, and to summon and interrogate the candidates named therein, or the persons presenting said petitions, certificates or papers, and his or their retention of same for the purpose of making such examination or interrogation shall not be construed as an acceptance or filing.

"Upon completion of any examination, if any nomination petition, certificate or paper is found to be defective, it shall forthwith be rejected and returned to the candidate or one of the candidates named therein, together with a statement of the reasons for such rejection."

Section 977 of the Act of 1937, as amended by the Act of May 21, 1943, P. L. 353, contains the following:

"All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after the last day for filing said nomination petition or paper, a petition is presented to the Court of Common Pleas of the county in which the nomination petition or paper was filed, specifically setting forth the objections thereto, and praying that the said petition or paper be set aside . . . . If the court shall find that said nomination petition or paper is defective under the provisions of section 976, or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, it shall be set aside. If the objections relate to material errors or defects apparent on the face of the nomina-

tion petition or paper, or on the face of the accompanying or appended affidavits, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs, as the said court may specify."

In connection with the Pennsylvania Election Code, we must, of course, consider the Pennsylvania Liquor Control Act of November 29, 1933, spec. sess., P. L. 15, sec. 502, as amended, 47 PS §744-502, and the Beverage License Law of May 3, 1933, P. L. 252, sec. 32, as amended, 47 PS §100n.

The Beverage License Law provides as follows:

". . . Whenever electors equal to at least twenty-five per centum of the highest vote cast for any office in the municipality or township at the last preceding general election shall petition the county commissioners of the county for a referendum on the question of granting such licenses, the said county commissioners shall cause a question to be submitted at the primary immediately preceding the municipal election occurring at least sixty days thereafter, on the ballot or on voting machines, at such election in the manner provided by the election laws of the Commonwealth.

"Such question shall be in the following form:

Do you favor the granting of malt and brewed beverage retail dispenser licenses   Yes
for consumption on premises where sold in   No   "
the               of               ?

The Pennsylvania Liquor Control Act provides as follows:

"Whenever electors equal to at least twenty-five per centum of the highest vote cast for any office in the municipality or township at the last preceding general election shall petition the county commissioners for a referendum on the question of granting such liquor licenses, the county commissioners shall cause a ques-

tion to be submitted at the primary immediately preceding the municipal election occurring at least sixty days thereafter, by certifying a resolution, duly adopted, to the county commissioners for submission of such question, on the ballot or on voting machines, at such election in the manner provided by the election laws of the Commonwealth.

"Such question shall be in the following form:

Do you favor the granting of liquor licenses   Yes
for the sale of liquor in                of   No   "
          ?

It will be noticed that under both the Beverage License Law and the Pennsylvania Liquor Control Act the provisions concerning what subject matter the petitions must contain are the same. Both provide merely that the requisite number of electors "shall petition the county commissioners for a referendum", then they provide that pursuant to such petition, the county commissioners shall submit the question to the voters on the form therein prescribed. Both of the acts state the form of the question which the county commissioners shall submit to the electors. There is nothing to indicate that the petition shall contain the form of question to be submitted. In fact, there is no discretion given any person as to the form of the question but the act is mandatory in that it sets forth exactly the form of the question which shall be submitted to the electors pursuant to the filing of a petition asking for a referendum as to the granting of licenses. It seems to this court that when a petition is filed with the county commissioners within the proper time, signed by the proper number of electors, in proper form, with proper affidavits attached asking for a referendum, such petition is sufficient and that anything contained therein concerning the exact form in which the question is to be submitted to the electors

is mere surplusage and an immaterial part of the petition. The county commissioners or board of elections have no option but to submit such question in the form provided by the appropriate act. When petitioners requesting a referendum, gratuitously set forth in the petition a form of question to be submitted, that part of the petition need not be considered as important at all and is not a material part of the petition. In Soulchin Liquor License Case, Q. S. of Indiana County, March sessions, 1948, no. 101, it was contended that the election was void because ". . . on each of the petitions there was evidence that on the form of ballot embodied therein an 'X' had been marked opposite the word 'no' and later removed by erasure or ink eradicator." The lower court stated that this objection was without merit as "The statutory law fixes the form to be used in submitting a question in a referendum election. No matter what was set out in the petition, that form could not be changed, if the question was to be submitted. A petition for a referendum election which said nothing as to the form but was otherwise good would sufficiently comply with the requirements of the law. If there was an erasure or mutilation, it was of a non-essential portion of the petition and could not vitiate the petition if otherwise good." The question arose on an appeal from the action of the Pennsylvania Liquor Control Board refusing application for renewal of a restaurant liquor license on the ground that the referendum election in which the vote was against the granting of licenses was void. On appeal to the Superior Court, Soulchin Liquor License Case, 163 Pa. Superior Ct. 372, that court, holding that it had no right to pass upon the subject matter of the lower court's decision but could only consider the jurisdiction and regularity of the proceedings, nevertheless, in referring to the objection

made in the lower court concerning alterations and mutilation of the form of the question submitted, stated, on page 373, through Judge Reno:

"In the court below, appellants contended that the referendum was invalid because the petitions by which it was instituted were defective in that . . . (b) contained alterations and mutilations of the form of the question to be submitted. Upon the latter proposition, the court ruled: 'If there was an erasure or mutilation, it was of a non-essential portion of the petition and could not vitiate the petition if otherwise good.' . . .

"If we were free to examine the questions decided by the court below we should be unable to discover error."

Although we realize fully that this is not an adjudication by the Superior Court but merely a dictum, nevertheless, it is a clear indication that the Superior Court felt that the form of the question, in a petition otherwise good, is not a material part of the petition and that although it could not under the law decide the matter, it felt under a duty to express its opinion in this regard. There had been a number of lower court cases holding that an X marked in reference to either "yes" or "no" in the form of the question to be submitted, vitiated the petition: Kikel v. Cochran et al., 60 D. & C. 588; Prangley v. Diehm et al., 51 D. & C. 108; Hoover et al. v. Blair County Commissioners, 48 D. & C. 199. All of these were decided prior to the decision of the lower court and the dictum of the Superior Court in Soulchin Liquor License Case, 163 Pa. Superior Ct. 372, supra.

This court feels that the X on the petitions in question was the alteration or mutilation of an immaterial part of the petitions and, therefore, that the petitions did not contain material errors or defects or contain material alterations made after signing. This being the case and, as they were otherwise good, they should

have been received and filed by the county commissioners and the questions involved should be submitted to the electors at the coming primary.

Let us consider for a moment the petitions as defective on their face in a material matter and as containing a material alteration made after signing, by reason of the X marks opposite the form of the question to be submitted. In such case, the county commissioners, under section 976 of the Pennsylvania Election Code, should have received but not filed the petitions and, after examination, rejected and returned them to the persons presenting them, with the reasons for such rejection. The petitions were received and held from July 14, 1949, to July 20, 1949, then notice was sent to the persons presenting them that the questions would not be submitted to the voters and that the petitions were not approved for certain reasons given therein. The petitions were retained by the county commissioners and not returned. The notice did not correctly state the law as to the rights of the petitions and both the notice and the action of the county commissioners are indefinite as to whether or not the petitions had been received and filed prior to the sending of the notice. As the petitions were not returned but were retained by the county commissioners, that fact, in connection with the notice and action of the county commissioners, or even by itself, might well be considered as showing that the petitions were actually filed. Such a conclusion is recognized by the Pennsylvania Election Code in the provision that a retention for a reasonable time for the purpose of examination shall not be construed as an acceptance or filing. However, in the instant case, as the petitions were retained and never returned, such fact may well be construed as an acceptance and filing. If it is so construed and we feel that such construction is per-

missible, then, as no objection was made to the petitions within seven days, the petitions must be "deemed to be valid". If they are deemed to be valid, it becomes the duty of the county commissioners to submit the question involved to the electors in the form which they are required to submit it by the mandate of the Beverage License Law or the Pennsylvania Liquor Control Act, as the case may be.

If, however, we consider that the form of question to be submitted is a material part of the petition and that the county commissioners did not receive and file the petitions but rejected them, in such a manner that the only recourse of petitioners was an action in mandamus, we reach the question as to whether or not the court has the power to allow petitioners to amend the petitions as of the date they were presented to the county commissioners.

The Pennsylvania Election Code provides that when petitions which were filed and attacked within seven days after the last day for filing, on the ground that there were material errors or defects apparent on the face of the petition, the court may, in its discretion, permit amendments within such time and upon such terms, etc., as it may specify: Section 977, supra.

If the court has power to allow the amendment of a petition in the case of a material error appearing upon its face when it is attacked, after having been received and filed by the county commissioners, certainly the court should have the power to allow such amendment when the petition has been rejected by the county commissioners for a material error or alteration upon its face. We can see no reason why any difference should be made. It is true the act does not specifically give this power to the court when the county commissioners have rejected the petition. However, a court might well take this power under its

general authority to allow amendments, to avoid an unjust or inequitable result. Certainly the provision in the Pennsylvania Election Code indicates that the legislature did not intend, that because of some material error or defect on the face of the petition, which would usually be in form, to cause a petition signed by the proper number of persons, to be absolutely void. In our opinion, since the time for giving notice of the election has not yet arrived and, as it is admitted that the petitions as originally signed by the electors were in proper form, that the alteration in issue was made through a misconception of the law, it is only equitable and proper that petitioners be allowed to amend the petitions by striking out or erasing the X's so that the petitions shall be as they were signed originally by the electors and that such amendment shall be effective as of the date of the presentation or filing of the petitions with the county commissioners. It is hard to conceive of a case in which the allowance of an amendment would be more appropriate for the ends of equity and justice than the present. The law certainly contemplates that the electors of a particular municipality or township shall have the right, at a proper election, to decide whether or not liquor or beer licenses shall be granted in that municipality or township. To deprive them of that right, by reason of an inadvertent, misconceived alteration of a petition, which was proper when signed by the requisite number of electors, is a rather serious matter. Courts should be loathe to deny such a right on technical grounds. In Commonwealth ex rel. v. Bush et al., 22 D. & C. 105, it was stated, page 106:

"The scope and purpose of the act (Liquor Control Act of 1933) being for the protection of the public welfare, health, peace, and morals of the people of the Commonwealth, and to prohibit forever the open

saloon, the right of the electorate to determine the granting or nongranting of licenses should be liberally construed." (Parentheses ours.)

And in Kunkle v. Luzerne County Commissioners, 30 Luz. 137, an application was made for a preliminary injunction to restrain the county commissioners from printing the ballots to be used in a local option referendum. The town council of the Borough of West Pittston, pursuant to petition of electors, requested the county commissioners to submit the following question: "Do you favor the granting of retail beverage licenses in the Borough of West Pittston?" This question clearly was not in the form prescribed by the law then in effect. The court said, page 139:

"We find no provision in the statute prescribing the exact form of the question to be presented to the borough council in the petition of electors, or prescribing the exact form of the question as it is to be phrased in the resolution of council.

"We conclude, therefore, that the question as presented to the borough council in the petition, and as contained in the resolution adopted by council, is in substantial compliance with the Act."

The preliminary injunction was denied and the county commissioners were ordered to place the question upon the ballot in the form prescribed by the then liquor law, being Act No. 398 of the special sessions of 1935, which contains practically the same provisions as the present acts, except that the petition was to the municipal authorities and the municipal authorities certified the question to the county commissioners.

Although we do not see the necessity for the petitions to be amended, as we have heretofore stated, nevertheless, as the election can be attacked, we feel that it is not only fair but safer for this court to allow the petitions to be amended as of the date on which

they were presented to the county commissioners, and compel their reception and filing by the county commissioners as of that date. If, as we hold, the alterations or errors are immaterial, the allowance of the amendment cannot be harmful. On the other hand, the amendments will put the petitions in unquestionably proper form and in the condition they were when signed by the electors and in the condition they should have been and the condition the electors had a right to have them in when they were presented to the county commissioners.

Now, August 30, 1949, judgment is entered for plaintiffs and against defendants, and defendants, B. C. Snider, A. R. Zimmerman and Charles H. Gillan, Commissioners of the County of Franklin, are hereby ordered and directed to receive and file, as of July 14, 1949, the petitions presented to them for local option referenda in the Township of Peters, County of Franklin, under the Beverage License Law and the Pennsylvania Liquor Control Act, at the primary election to be held on September 13, 1949, and to submit to the electors of the township, at the election, in accordance with the election laws of this Commonwealth, questions as to the granting of malt and brewed beverage retail dispenser licenses for consumption on premises where sold and as to granting liquor licenses in the township, in the form prescribed by the Beverage License Law and the Pennsylvania Liquor Control Act, respectively, and plaintiffs are hereby allowed to amend the petitions presented by them under the Beverage License Law and the Pennsylvania Liquor Control Act, respectively, for local option referenda in the township at said election, by removing therefrom, by erasure or otherwise, the X's which were added, by them or other persons, in the form of the questions contained in such petitions, after the petitions had been signed by

the electors, within three days from this date, such amendments to be effective as of July 14, 1949. Plaintiffs shall pay the costs of this proceeding.