## Rack et ux. v. Wentworth et al.

*John I. Kent*, for plaintiffs.

*J. Perry Eckels*, county solicitor, for defendants.

*Max Maloney*, for intervenors.

MOOK, P. J., June 12, 1951.—Complainants, who are citizens and electors of Greenwood Township, Crawford County, Pa., filed this bill in equity praying that a preliminary injunction issue restraining the County Commissioners of Crawford County from placing on the ballots for the township, to be used at the primary election to be held on July 24, 1951, the following questions:

"1. Do you favor the granting of liquor licenses for the sale of liquor in the Township of Greenwood, County of Crawford in the Commonwealth of Pennsylvania? Yes—No.

"2. Do you favor the granting of malt and brewed beverage retail dispenser licenses for the consumption on the premises where sold, in the Township of Greenwood, County of Crawford, Pennsylvania? Yes—No."

The bill sets forth that on May 25, 1951, certain electors of Greenwood Township filed four separate petitions with the Board of Commissioners of Craw-

ford County requesting the commissioners to place the foregoing petition on the ballot at the next primary election. Paragraph 7 of the bill specifically alleges that the "petitions . . . are on their face wholly and fatally defective and not in compliance with the acts under which they were purportedly drafted and filed in that each petition in the space provided for each voter to vote 'Yes' or 'No' on the question submitted, an 'X' appears improperly in the space opposite the word 'No'."

The bill further alleges in paragraph 8, "That the respondents are without power to submit referendum upon the basis of these petitions for the following reasons:

"a. The county commissioners have no authority in law to change the form of the question from that contained in the petition by omitting the 'X' mark.

"b. To submit the questions in the form set forth in the petitions would be invalid as an interference with free election."

We granted a rule to show cause upon the county commissioners why the injunction should not issue as prayed for and fixed a hearing five days thereafter.

At the hearing the petitions were offered in evidence and it clearly appears therefrom that each petition is in the following form:

"PETITION

FOR LOCAL OPTION VOTE ON THE QUESTION OF GRANTING LIQUOR LICENSE

"TO THE COUNTY COMMISSIONERS OF CRAWFORD COUNTY COMMONWEALTH OF PENNSYLVANIA

"The undersigned electors of the Township of Greenwood, County of Crawford, Commonwealth of Pennsylvania, being equal to at least twenty-five percentum of the highest vote cast for any office at the last pre-

ceding general election, respectifully petition your Honorable Board to grant a referendum on the question of granting licenses to hotels, restaurants and clubs, for the sale of liquor, as provided for in the Act of General Assembly of the Commonwealth of Pennsylvania, as approved on the 29th day of November A. D. 1933 (Pamphlet Laws fifteen (15) 1933-34 as amended) entitled 'Pennsylvania Liquor Control Act' and further request that you proceed as directed by said act to submit such question on the ballot or on the voting machines, at the primary election next ensuing, in the manner provided by the election laws of the Commonwealth, to the duly qualified electors of the above named Township of Greenwood, which question shall be in the following form:

DO YOU FAVOR THE GRANTING OF LIQUOR LICENSES FOR THE SALE OF LIQUOR IN THE TOWNSHIP OF   YES GREENWOOD COUNTY OF CRAW————— FORD in the Commonwealth of Pennsyl-  NO   ✕ vania?"

The petitions filed under the Beverage License Law are in the same form except they are drawn in compliance. with that act. Having offered the petitions in evidence, plaintiffs rested, except for identifying themselves as citizens and property owners of Greenwood Township. Respondents offered the testimony of one witness, N. G. Mitcheltree, who testified that due to mistake of fact, he placed the "X" following the "No" on each petition to be circulated before any person had signed, having been advised that this was necessary.

Mr. Mitcheltree only circulated one of the four petitions filed for each referendum and no explanation is offered as to how or when the "X" came to be placed

on the other petitions. However, it is conceded that the "X" was there when the petitions were filed.

The county solicitor also appeared at the hearing and stipulated upon the record that if the questions are submitted at the primary election, the "X" will be deleted from the ballots.

Thus, the only question we have to decide is whether the presence of the "X" in the box following the word "No" on the petitions as filed renders them invalid.

We agree with plaintiffs that in the averments of their bill, set forth in paragraph 8(b), that to submit the questions in the form set forth in the petitions would be invalid as an interference with free elections, but we find it difficult to support their contention set forth in paragraph 8(a) that the county commissioners "have no authority in law to change the form of the question from that contained in the petitions by omitting the 'X' mark".

Neither the local option provisions in the Pennsylvania Liquor Control Act, as amended June 16, 1937, P. L. 1762, sec. 1, 47 PS §744-502, or in the Beverage License Law, as amended June 16, 1937, P. L. 1827, sec. 1, 47 PS §100 n, require that the form of the questions be set forth in the petitions at all.

In the Liquor Control Act the pertinent section of the statute reads as follows:

"Whenever electors equal to at least twenty-five-per centum of the highest vote cast for any office in the municipality or township at the last preceding general election shall petition the county commissioners for a referendum on the question of granting such liquor licenses, the county commissioners shall cause a question to be submitted at the primary immediately preceding the municipal election occurring at least sixty days thereafter, by certifying a resolution, duly adopted, to the county commissioners for submission of such question, on the ballot or on voting machines,

at such election in the manner provided by the election laws of the Commonwealth.

"Such question shall be in the following form:"

Then follows the question as set forth, supra.

Thus it is plain from a reading of the statute itself that it is not necessary to include in the petition the form of the question to be submitted. The act only sets forth that form as the form which the commissioners are required to submit upon the filing for a proper elector's petition requesting the referendum. See Hollidaysburg Borough Election, 69 D. & C. 538.

Since the placing of the question itself on the petition and the "X" in the box after the word "No" is no material part of the petition, and since the statute itself fixes and establishes the form of the question to be submitted, why then may not the county commissioners omit the "X", placed on the petitions and submit the questions in a manner conforming to the law?

This question has come before four other lower courts of this Commonwealth in the cases of Hoover et al. v. Blair County Commissioners, 48 D. & C. 199; Prangley v. Diehm et al., 51 D. & C. 108; Kikel v. Cochran et al., 60 D. & C. 588, and Commonwealth ex rel McLaughlin et al. v. Franklin County Commissioners, 70 D. & C. 31. In the first three of these cases, the courts concluded that an "X" marked in reference to either "Yes" or "No" in the form of the question vitiated the petition; in the last mentioned case, however, the court held that the "X" mark is mere surplusage and an immaterial part of the petition and therefore may be stricken off the petitions. With this proposition, we are inclined to agree. Of course it must be admitted that the evidence in the Franklin County case showed that the "X" was put in by a justice of the peace after the petitions had been circulated, but before they were filed, while in

the present case the "X" was placed on at least one of the petitions before the signatures were obtained.

But even so, isn't it plain that every signatory of the petition desired that a referendum be held in his township on the question of granting licenses, and furthermore, who could be deceived by the presence of the "X" in the box after the word "No"?

If the "X" had been in the box after the word "Yes", it could be argued that since the township is now "wet" (i.e., licenses are now being granted therein) that voters might be misled by being told that a referendum was necessary to keep it that way, but under the circumstances in this case even that argument could not prevail.

Referring again to the case of Commonwealth ex rel. McLaughlin et al. v. Franklin County Commissioners, supra, the court said (p. 40) :

"It seems to this court that when a petition is filed with the county commissioners within the proper time, signed by the proper number of electors, in proper form, with proper affidavits attached asking for a referendum, such petition is sufficient and that anything contained therein concerning the exact form in which the question is to be submitted to the electors is mere surplusage and an immaterial part of the petition. The county commissioners or board of elections have no option but to submit such question in the form provided by the appropriate act. When petitioners requesting a referendum, gratuitously set forth in the petition a form of question to be submitted, that part of the petition need not be considered as important at all and is not a material part of the petition."

Suppose now in the present case, for the sake of argument, that petitioners had discovered the impropriety of placing the "X" mark on the petition prior to filing and had erased or removed the mark by ink eradicator.

As was mentioned in the opinion of the McLaughlin case, supra, p. 41, such a situation arose in Soulchin Liquor License Case in the Quarter Sessions Court of Indiana County:

" 'The lower court stated that this objection was without merit as "The statutory law fixes the form to be used in submitting a question in a referendum election. No matter what was set out in the petition, that form could not be changed, if the question was to be submitted. A petition for a referendum election which said nothing as to the form but was otherwise good would sufficiently comply with the requirements of the law. If there was an erasure or mutilation, it was of a non-essential portion of the petition and could not vitiate the petition if otherwise good".' "

An appeal was taken to the Superior Court and that court in its opinion reported in 163 Pa. Superior Ct. 372 said (after holding that it had no right to pass on the question raised, since the Liquor Control Act provided that there shall be no further appeal from the decision of the court of quarter sessions) : "If we were free to examine the questions decided by the court below we should be unable to discover error."

If, therefore, the erasure or eradication of the "X" mark upon the petitions by petitioners themselves or some other person on their behalf would not vitiate the petitions or render them void, how can it be said that such action by the county commissioners themselves, in order to comply with the law, would result in their nullification?

We are satisfied that the approximately 115 signers of these petitions clearly understood that they were seeking only a vote on the question of granting liquor and beer licenses in their township. The question appears on the petitions in proper form, the affidavits are proper, the number of signers sufficient, and in every

452

other respect except for the "X" mark, the petitions are proper.

When it is explained that this mark was placed there through a simple mistake of fact upon the part of one of the lay citizens who circulated one of the petitions, we can see no valid objection to the proposed action of the county commissioners, as appears by the stipulation of their solicitor, in striking off the "X" mark and submitting the question according to law to the voters of the township.

### Order

And now, June 12, 1951, the rule granted on June 1, 1951, to show cause why Harry L. Wentworth, George R. Wright and Paul M. Smith, Board of Commissioners of Crawford County, Pa., should not be enjoined and restrained from acting on the local option petitions filed by certain electors of Greenwood Township, Crawford County, Pa., is hereby discharged.