## Harrisburg Sunday Movie Petition Case

Argued Sept. 24, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

636

*Homer L. Kreider,* for appellant.

*Maurice R. Metzger,* with him *Metzger & Wickersham,* for appellee.

Opinion by Mr. Chief Justice Maxey, September 28, 1945:

In this case Walter S. Schell, a citizen, taxpayer and duly qualified voter of the City of Harrisburg, filed a petition in the court below averring that the petitions presented to the corporate authorities of Harrisburg in order to require the submission of the question of Sunday motion pictures to the electorate of that city in 1945 are not legally sufficient to justify such submission.

The court below in an opinion by Judge Woodside found as a fact that none of the petitions contained any supporting affidavits and concluded as a matter of law that the provisions of Sections 908 and 909 of the Election Code not being complied with, are legally insufficient.

Section 5 of the Act of July 2, 1935, P. L. 599, as amended, 4 P.S. 59, et seq., provides in substance:

"In any municipality the will of the electors with respect to the conducting, staging, and exhibiting of motion pictures and sound motion pictures on Sunday may, after the year one thousand nine hundred and thirty-five (1935), but not oftener than once in four years, be ascertained, and the question, as provided in Section 3 of this Act, shall be submitted to the electors of any municipality at any municipal election upon demand in writing of petitioners equal to at least 20% of the highest vote cast for any candidates in the municipality at the last preceding general or municipal election."

Section 3 of this Act provides as follows:

"At the municipal election in the year one thousand nine hundred and thirty-five (1935), there shall be submitted, in the manner provided by the election laws of the Commonwealth, upon petition to the county commissioners by the city or borough council or by the township commissioners or supervisors, or upon petition to county commissioners by electors equal to at least five per centum (5%) of the highest vote cast for any candidate in the municipality at the last preceding general election, a question to determine the will of the electors of each municipality in this Commonwealth, so petitioning, with respect to motion picture exhibitions."

The court below held that the requirement about submitting "a question to determine the will of the electors with respect to motion picture exhibitions" must be "in the manner provided by the election laws of the Commonwealth" applied to every phase of the procedure of submitting the question stated and that since the election laws require that petitions relating to the filing of nomination petitions of candidates for public office had to be verified by affidavits, the petitions filed *in this case* should likewise be verified by affidavits. The Election Code provides that "each signer of a nomination petition . . . shall declare therein that . . . he is a qualified elector of the . . . district therein named, and he shall add his occupation and residence, giving city with street and number, if any." It also provides that "each sheet shall have appended thereto the affidavit of some person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth," inter alia, that "the signers thereto signed with full knowledge of the contents of the petition; that their respective residences are correctly stated therein," etc. The court below asked "Was it the intent of the Legislature to make the above provisions of the election law of this Commonwealth applicable to holding a referendum on Sunday motion picture exhibits?" This court answered:

"We think it was." The court further said: "Involved in submitting the question to the electorate is placing the question on the ballot. This is done by petitions containing petitioners equal to at least 20% of the highest vote cast for any candidate in the municipality at the last preceding general or municipal election. Section 5 of the Act of 1935, supra."

The court held that in order to have the question with respect to Sunday motion picture shows "submitted in the manner provided by the election laws" it must be placed on the ballot by petitions which comply with their requirements for nomination petitions set forth in Sections 908 and 909 of the Election Code . . . and that the Act of 1935 by reference to the election laws makes the cited sections of the Act of 1937 applicable to petitions filed under the 1935 Act.

The court pertinently points out that "Only by applying the provisions of the Election Code to this determination [with respect to Sunday motion picture shows] is an orderly procedure established. Otherwise there is nothing to regulate the form of the petitions or what they should contain." The court adds: "The provisions of the election laws relating to the form of nomination petitions, and requiring the person circulating them to swear to certain definite things, are necessary to prevent fraud. . . . It is just as important for the petitions before us to have the names properly signed, with addresses, occupation and date of signature, and to be supported by affidavit as any petition filed in accordance with the Election Code. Certainly the Legislature recognized this and intended to provide for it by its reference in the Act of 1935 to the election laws."

The court held that any other conclusion would lead to absurd consequences and it cited Section 52 of the Statutory Construction Act which provides: "In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others: (1) That the Legislature

does not intend a result that is absurd, impossible of execution or unreasonable; . . ." (46 P.S. 552)

The filing of petitions with agencies of government, which petitions are to be the basis of official actions by those agencies, *without appropriate verifications* of such petitions by some person who is qualified to certify under oath to the genuineness of those petitions to the best of the affiant's information and belief, would be an anomaly in the administration of our government, and we cannot believe that the legislature intended to either authorize or tolerate such an anomaly in the petitions it provided for as the basis of holding a municipal election on the question of permitting motion pictures on Sunday.

The filing of petitions containing several thousand names of alleged electors, with no proof whatever attached to those petitions, that the alleged electors were in existence and residing at the address given and that the signatures allegedly theirs were genuine, should not be sufficient to require any public authorities to respect those petitions as official mandates from the percentage of electors named in the applicable law, unless the legislature has so ordered in unmistakable language. We find in the applicable statute no such legislative mandate. On the contrary we find that it is clearly implied, if not clearly expressed, in the applicable statute, that all the safeguards the law has placed around nomination petitions in order to insure their genuineness, have also been placed around the petitions to be filed for the purpose of causing to be submitted to the electorate in any municipality the question whether or not motion and sound pictures may be exhibited in that municipality.

We agree with the court below that the petitions are legally insufficient on their face for want of such affidavits as are required under Sections 908 and 909 of the Election Code of June 3, 1937, P. L. 1333, Sec. 909 (25 P.S. 2869).

The order is affirmed.