## Crossan License

40

*Walter A. Herley*, for appellant.

*Edmund P. Hannum*, for Liquor Control Board.

HARVEY, J., February 24, 1948.—This is an appeal, after waiver of a hearing before the Pennsylvania Liquor Control Board, from the refusal by the board of the renewal of a hotel liquor license upon application therefor by appellants for premises located in the Township of West Fallowfield, this county.

We have performed our duty to hear the application de novo.

All the material and re¹evant facts are undisputed, most thereof being the subject of stipulation by counsel read into the record at the hearing before the court. Appellants, being engaged in the hotel business at the Village of Cochranville, West Fallowfield Township, this county, made timely application to the board for a renewal of a hotel liquor license which they held for the sale of liquor at their place of business during the license year expiring February 1, 1948.

The application is in due form and substance and is accompanied by the license fee and bond as prescribed by the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15, Sp. Sess. The statements of the application are true, applicants possess all the qualifications, and the premises meet all the requirements specified by the act.

On September 9, 1947, pursuant to the provisions of the Pennsylvania Liquor Control Act, a local option election, by referendum on the question, "Do you favor the granting of liquor licenses for the sale of liquor

in the Township of West Fallowfield?", was held in that township. At that election, a majority of the persons voting on the question voted "No"; that is to say, the votes "Yes" on the question were 158, and the votes "No" were 181. The Chester County Board of Elections duly certified that vote to the Pennsylvania Liquor Control Board on September 27, 1947.

On December 16, 1947, the Liquor Control Board refused the application and the renewal of the license for the sole reason, stated by the board as follows:

"A certification has been filed with the Pennsylvania Liquor Control Board that the electors of West Fallowfield Township, Chester County, have voted against the granting of retail malt beverage and retail liquor licenses in that township. Accordingly, as provided by the law, the board is without authority to grant or renew, upon their expiration, any retail liquor licenses in the said township."

The petition to the commissioners for a referendum on the question submitted to the voters at the local option election above mentioned consists of five sheets of paper, bound in a backer with metal clips at the top edge. The first page of the first sheet appears as follows:

"PETITION FOR LOCAL OPTION VOTE
on the question of granting
LIQUOR LICENSES
TO THE COUNTY COMMISSIONERS
OF CHESTER COUNTY,
IN THE STATE OF PENNSYLVANIA.

The undersigned electors of the Township of West Fallowfield, county of Chester, Commonwealth of Pennsylvania, being 'Equal to at least twenty-five (25%) percentum of the highest vote cast for any office at the last preceding general election,' respectfully petition your Honorable Board to grant a referendum on the question of granting licenses to hotels, restaurants, and clubs, for the sale of liquor, as pro-

vided for in the Act of General Assembly of the Commonwealth of Pennsylvania, as approved on the 29th day of November, A. D. 1933 (Pamphlet Laws fifteen (15) 1933-34 as amended), entitled 'Pennsylvania Liquor Control Act' (see note), and further request that you proceed as required by said act to submit such question on the ballot or on the voting machines, at the primary election next ensuing, in the manner provided by the election laws of the Commonwealth, to the duly qualified electors of the above named Township of West Fallowfield which question shall be in the following form

DO YOU FAVOR THE GRANTING OF    YES
LIQUOR LICENSES FOR THE SALE OF
LIQUOR IN THE Township of West Fallow-
field, County of Chester, in the Commonwealth    NO
of Pennsylvania.

Note:—This petition is submitted in accordance with sections 501 and 502 of Article 5 of the Pennsylvania Liquor Control Act as re-enacted and amended and approved the 16th day of June, A. D. 1937 (Pamphlet Laws No. 1762).

| Name | Address | Occupation | Date" |
|---|---|---|---|
| . . . . . | . . . . . | . . . . . | . . . . . |
| . . . . . | . . . . . | . . . . . | . . . . . |
| . . . . . | . . . . . | . . . . . | . . . . . |
| . . . . . | . . . . . | . . . . . | . . . . . |
| . . . . . | . . . . . | . . . . . | . . . . . |
| . . . . . | . . . . . | . . . . . | . . . . . |

On the lines in the columns so provided appear the names, addresses, occupations and dates purportedly written by the several signers. Each of the facing pages of the second, third and fourth sheets contains similar vertical column lines and horizontal lines with signatures, addresses, occupations and dates in the appropriate spaces.

The facing page of the last sheet contains an affidavit reading as follows:

"STATE OF PENNSYLVANIA:
  COUNTY OF Chester        :        S. S.
  TOWNSHIP OF W. Fallowfield: .

Before me, the subscriber, a Justice of the Peace in and for said County and State, personally appeared Rev. Leroy Bernard, who by me being duly sworn doth depose and say that the names subscribed to the foregoing PETITION were placed on the PETITION with full knowledge of its content, the residence given by the signer is true and correct, the names were signed on the day and date indicated on the PETITION, and that to the best of His knowledge and belief the signers are qualified electors in the said Township of W. Fallowfield, County of Chester, in the Commonwealth of Pennsylvania.

Signed        Leroy    Bernard

Sworn and subscribed to before me this 5 day of July, A. D. 1947

[s]    J. Ralph Roberts ·
My commission expires—————
My Commission Expires Jan. 1, 1952"
"(SEAL)" ·

The ground for appeal set forth by the petition is "that the local option election . . . and the certificate filed with the board are both without authority of law, and under the circumstances, there is no sufficient legal reason why the hotel license should not be renewed." We are informed at oral argument and by the paper book of appellants they contend the local option election was unlawfully held because "the petition filed with the County Commissioners was not legally sufficient to justify such submission". The asserted defects of the petition are that the affidavit forming part of the petition "is fatally defective" in that it does not set forth the averments of fact specified by the law to be therein contained; and that the

petition does not have on each sheet the affidavit required by the law to be appended thereto.

The question of law thus presented may be stated as follows: Is the local option election here involved invalid for the reason asserted by appellants?

The provisions of the Pennsylvania Liquor Control Act of 1933, as amended, which provide for a local option election to determine the will of the electors with respect to the granting of liquor licenses by the Pennsylvania Liquor Control Board to hotels, restaurants, and clubs within the limits of any municipality, are those of sections 501 and 503 of said act, as amended July 18, 1935, P. L. 1246, sec. 1, and June 16, 1937, P. L. 1762, sec. 1, 47 PS §744-501-503.

Of these, the pertinent part of section 502, as amended, reads as follows:

"Whenever electors . . . shall petition the county commissioners for a referendum on the question of granting such liquor licenses, the county commissioners shall cause a question to be submitted at the primary . . . by certifying a resolution, duly adopted, to the county commissioners for submission of such question, on the ballot . . . at such election in the manner provided by the election laws of the Commonwealth. . . .

. . . if a majority of the persons voting on such question vote 'No', then the board shall thereafter have no power to grant or to renew, upon their expiration, any liquor licenses in such municipality or township, under the provisions of this act, unless and until the people therein shall, at a later time, have again voted on the question and decided in the affirmative."

In approach to the problem presented, there are some propositions of law which should be referred to but need no discussion. The validity of a liquor license referendum may be collaterally attacked, as appellants have done here, on appeal to the court of quarter ses-

sions from a refusal of the Liquor Control Board to grant a license: Kittanning Country Club's Liquor License Case; Kasnevich's Liquor License Case, 330 Pa. 311.

It is settled by judicial decision (Kram v. Kane et al., 336 Pa. 113), as well as by the express terms of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, sec. 102($v$), 25 PS §2602, that a local option referendum is a special election within the meaning of that code; and under section 1229 thereof, 25 PS §3069, "shall be held and conducted in all respects in accordance with the provisions of this act relating to November elections, and the provisions of this act relating to November elections shall apply thereto, in so far as applicable, and not inconsistent with any other provisions of this act."

Consonant with that provision of the Election Code, it has been held that petitions for submission of questions for referendum by local option elections must comply with the requirements prescribed for nomination petitions by section 909 of the Election Code, 25 PS 2869: Harrisburg Sunday Movie Petition Case, 352 Pa. 635.

That section of the Election Code reads as follows:

"Said nomination petition may be on one or more sheets, and different sheets must be used for signers resident in different counties. If more than one sheet is used, they shall be bound together when offered for filing if they are intended to constitute one petition, and each sheet shall be numbered consecutively beginning with number one, at the foot of each page. Each sheet shall have appended thereto the affidavit of some person, not necessarily a signer, and not necessarily the same person on each sheet, setting forth— (a) that the affiant is a qualified elector of the State, or of the political district, as the case may be, referred to in said petition; (b) his residence, giving city, borough or township, with street and number, if any;

(c) that the signers thereto signed with full knowledge of the contents of the petition; (d) that their respective residences are correctly stated therein; (e) that they all reside in the county named in the affidavit; (f) that each signed on the date set opposite his name; and (g) that, to the best of affiant's knowledge and belief, the signers are qualified electors and duly registered and enrolled members of the designated party of the State, or of the political district, as the case may be."

Adverting to the petition here filed, it is contended by appellants that it is defective in that it does not contain the averments of fact required by section 909, subparagraphs (a), (b), (c), (e) and (g). It is true that the affidavit is not in the exact form or language of the section, but, as we read it, the affiant does make every required averment except that of subparagraph (g).

(a) The political district referred to in the petition is the Township of West Fallowfield, County of Chester. The averment is that to the best of affiant's knowledge and belief "the signers are qualified electors in the said Township of W. Fallowfield County of Chester in the Commonwealth of Pennsylvania". The name of a signer (the first signature) of the petition is that of the affiant. This circumstance makes the affidavit set forth in effect that "the affiant is a qualified elector of the political district referred to in said petition". This is a substantial compliance with the requirement. See Long v. Cochran et al., County Commissioners, 358 Pa. 129, for instance of substantial compliance. And also, Kimmell's Appeal, 52 D. & C. 279.

(b) The averment is that "the residence given by the signer (sic) is true and correct". As we have noted, the name of the first signer of the petition is that of the affiant. Following his signature is his residence, appearing in the "Address" column. In this circumstance even if the word "signer" was intended to

be written in the plural, the affidavit thus sets forth the residence of the affiant.

(c) As we view it, the affiant's averment "that the names subscribed to the foregoing petition were placed on the petition with full knowledge of its content" is only the difference of a quibble with setting forth "that the signers thereto signed with full knowledge of the contents of the petition".

(e) The averment of the affidavit is that "the residence given by the signer (sic) is true and correct". If this be read "each signer" or, as intended, we believe, in the plural, it is in substance setting forth that the signers "all reside in the county named in the affidavit" because each signature to the petition is followed by a residence which is in the County of Chester—"the county named in the affidavit".

(g) The averment of the affidavit is that to the best of affiant's "knowledge and belief the signers are qualified electors in the said Township of W. Fallowfield County of Chester, in the Commonwealth of Pennsylvania". The requirement is that the affidavit shall set forth that to "the best of affiant's knowledge and belief, the signers are qualified electors and duly registered and enrolled members of the designated party of the State, or of the political district, as the case may be".

By definitions of the Election Code, section 102 (t) and (u), 25 PS §2602, a "registered and enrolled member of a political party" is other than a mere "qualified elector"; and, that the signer of a petition for a local option election should be then a registered voter is essential: Aukamp et al. v. Diehm et al., 336 Pa. 118, 121. We must conclude that the affidavit here does not substantially set forth the requirement of subparagraph (g), sec. 909, of the Election Code, 25 PS §2869; and that there is a material defect in this respect apparent on the face of the affidavit.

Before we consider the effect of this defect, we will consider the further complaint of appellants that the petition is defective because it does not have appended on each sheet the affidavit required. The petition here has more than one sheet, the sheets were intended to constitute one petition and were bound together when offered for filing. There was but one affidavit which was written upon the last sheet of the petition. In these circumstances, the requirement that "each sheet shall have appended thereto the affidavit of some person" has not been complied with. We must conclude that the petition is materially defective in this respect by a defect which is apparent on its face. Do these material defects in the petition and the affidavit render the petition insufficient to support the referendum and the local option election invalid?

After careful consideration of guiding principles of law and the pertinent provisions of the Election Code, we are constrained to the conclusion that these are not such defects as render the local option election invalid.

There is a rule so well settled as to have become in effect a fundamental principle of election law. It is, in the language of Mr. Justice Stern, Oncken et al. v. Ewing, 336 Pa. 43, 47:

"The invalidation of a public election is a judicial act of serious import, and is justified only by circumstances of the most compelling nature."

See also Foy's Election, 228 Pa. 14, 18; Gollmar's Election Case, 316 Pa. 560, and Winograd et al. v. Coombs et al., 342 Pa. 268.

The opinion in Oncker et al. v. Ewing, supra, deals with the subject more particularly as follows:

"Of course, there may be cases where there has been deliberate fraud on the part of election officials; or where the statute expressly provides that certain mistakes or defects in the ballots shall invalidate the elec-

tion; or where some fundamental preliminary of the election has been ignored, as in Nyce v. Board of Commissioners, 319 Pa. 353; or where, as in Kittanning Country Club's Liquor License Case, 330 Pa. 311, the form of the ballot is so lacking in conformity with the law and so confusing that the voters cannot intelligently express their intentions; in such instances it may be proper and necessary for a court to nullify an election. But where the irregularity complained of could not reasonably have misled the voters and did not result in the question at issue being presented to them unintelligibly, the election cannot be judicially overturned because of some innocuous deviation from a statutory requirement which might have been previously rectified through resort to the remedy given by the law for that purpose." The next following paragraph of the opinion is of the same strong import.

Wholly consistent with this judicial rule, the Election Code, by section 977, as amended May 21, 1943, P. L. 353, sec. 1, 25 PS §2937, provides that all nomination petitions and papers received and filed within the prescribed time "shall be deemed to be valid", unless objections are filed thereto by petition to the court of common pleas within a period specified. The omission to so object operates to make valid all such petitions and papers, at least so far as is concerned the amendable defects. As Mr. Justice Jones speaks in Thompson v. Morrison, etc., 352 Pa. 616, 633:

". . . all Sec. 977 does is to clothe such petitions and papers with a conclusive presumption of validity if objections thereto are not filed within the time specified . . . that provision contemplates objections to such apparent material errors or defects as are amendable. The provision itself plainly so implies."

Section 977 provides further:

"If the objections relate to material errors or defects apparent on the face of the nomination petition or paper, or on the face of the accompanying or ap-

pended affidavits, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs, as the court shall specify."

The material defect here apparent on the face of the affidavit we have little doubt would have been corrected by amendment allowed by the court if at a hearing on objection relating to that defect it appeared that the affiant had sufficient knowledge to predicate an averment that the signers were "duly registered and enrolled" electors.[1]

"In election matters, in order to secure an extraordinary right there must be a strict compliance with the law, but amendments are liberally allowed to nomination papers and the affidavits thereto, in order to carry out the intention of the electors": Hargest, P. J., in Nomination Papers of Brancato et al., 43 Dauphin 88, 90.

By the same court, in Barchfield v. Commonwealth, 43 Dauphin 30, 32, it was said:

"In Town Meeting Party Nomination Papers, 26 Dist. Rep. 961, it was held that if the affidavit is defective it may be amended. To the same effect are Butler's Nomination, 4 Dist. 187; Lincoln's Party Papers, 14 Dist. 793, 8 Dau. 199; Ermentrout's Nomination, 31 Pa. C. C. 486, and Bailey's Nomination, 16 Dist. 455; Independence Party Nomination, 25 Dist. Rep. 436."

We believe that the defect in the affidavit is such a "deviation from a statutory requirement which might have been previously rectified through resort to the remedy given by law for that purpose", and that the election should not be judicially overturned because of it.[2]

---

[1] Socialist Labor Case, 332 Pa. 78, not at variance because there affiants, it appeared, had no personal knowledge required.

[2] In Harrisburg Sunday Movie Petition Case, 352 Pa. 635, there was no supporting affidavit whatever.

The same consideration must control us in our determination of the effect of that defect which arose because each of the sheets constituting the petition does not have an appended affidavit. If objection had been taken relating to this defect, pursuant to section 977, it may be inferred that at hearing thereon by the court it would have appeared that the affiant could properly have made the required averments by an affidavit appended to each sheet, inasmuch as the affidavit now appended to the petition in terms relates its averments to the whole petition, that is, to all the sheets thereof.

We are of the opinion, for the foregoing reasons, that there are no irregularities or material deviations from the statutory requirements, or material defects in the petition or in the affidavit appended to it, which were not amendable under the provisions of the Election Code; or which the code, or the Liquor Control Act expressly provides shall invalidate the local option election or which involve the absence or entire ignoring of any fundamental preliminary to the local option election; or which could have misled the signers of the petition or the voters at that election. Therefore, we must conclude that there are no "circumstances of the most compelling nature" requiring the court to declare the local option election here to be invalid for the reasons asserted by appellants.

Under the circumstances, the certification of the county board of election to the Liquor Control Board was made in accordance with the law, the Election Code, section 302(k), as amended, 25 PS §2642; and the Liquor Control Board, after the local option election here involved, has had, in the language of section 502 of the Liquor Control Act, as amended, 47 PS §744-502, "no power to grant or to renew, upon their expiration, any liquor licenses" in the Township of West Fallowfield, this county.

And now, February 24, 1948, the refusal of the Pennsylvania Liquor Control Board to renew the hotel

52

liquor license for the current license year and to grant and issue the license as applied for by appellants is sustained.

Appeal dismissed.

