## Rockdale Township Local Option Petition

*Max Maloney*, for petitioners.

*John I. Kent*, for applicants for referendum.

MOOK, P. J., June 11, 1951.—On May 19, 1951, a petition was filed in the office of the County Commissioners of Crawford County for a referendum on the question of granting liquor licenses in the Township of Rockdale to be submitted to the voters of the township at the primary election to be held on July 24, 1951. The petition was in the usual form prescribed by the provisions of the Liquor Control Act of the Commonwealth, as amended by the Act of June 16, 1937, P. L. 1762, sec. 1, 47 PS §744-502.

On May 31, 1951, objections were filed to the sufficiency of the petition by Mrs. Dora Ferris and upon the filing of the same with the court, a hearing was set thereon to be held on June 4, 1951.

138

At the hearing in lieu of taking of testimony, a stipulation was entered into between counsel for objector and counsel for petitioners as follows:

"It is stipulated and agreed . . . , that on May 19, 1951, a petition was filed with the County Commissioners of Crawford County seeking a referendum on the question of granting liquor licenses in Rockdale Township, Crawford County, Penna., and also on the question of granting malt and brewed beverage retail dispenser licenses in Rockdale Township, Crawford County, Pennsylvania, and that the following stipulation applies to both of the petitions filed.

"It is stipulated and agreed that on each petition are the signatures of 108 residents of Rockdale Township, Crawford County, Pennsylvania, and that three of the said signers are not registered voters of Rockdale Township, Crawford County, Pennsylvania; to-wit: Ira Walton, Bernice Walton, Dave Holland, and that the remaining 105 persons signed to said Petition are residents and duly registered and qualified voters of Rockdale Township, Crawford County, Penna. It is stipulated and agreed further that 40 of the signatures on the said petition were obtained to the said petition previous to May 5, 1951, and that the sole question for determination by the Court is whether or not these 40 signatures should be deemed valid or invalid in arriving at whether or not there are a sufficient number of signatures on the petition in order to comply with the law and cause the County Commissioners of Crawford County, Pennsylvania, to submit the two questions to the voters at the Primaries to be held July 24, 1951.

"It is further stipulated and agreed that the highest number of votes cast for any one office in the Township of Rockdale, Crawford County, Pennsylvania, at the preceding municipal election was 280 votes and that

the number of duly qualified and registered electors necessary to said petition is 70."

It is contended by objector that the names placed on the petition prior to May 5, 1951, are invalid, which contention is disputed by petitioners. We are satisfied that the contention of the objector must be sustained by reason of the following propositions now settled in this Commonwealth.

## I.

The last day for a local option petition to be filed with the county commissioners is 60 days before the primary election.

While a reading of the local option provisions of the Liquor Control Act and the Beverage License Law both admit of some ambiguity, it is now firmly settled by the decision of the Supreme Court in the case of Kram v. Kane et al., 336 Pa. 113, that local option referenda shall be held at the primary preceding the municipal election if a proper electors' petition is filed at least 60 days before the primary election date. In the year 1951 since the primary election is fixed for July 24th, it follows that the last day that such a petition could be filed was May 25, 1951.

## II.

A local option referendum is a special election within the meaning of the election laws of the Commonwealth as provided in the Act of June 3, 1937, P. L. 1333, sec. 637, 25 PS §2787.

The local option section of the Liquor Control Act, supra, itself provides that the question shall be submitted at such an election in the manner provided by the election laws of the Commonwealth and the section of the election laws just above quoted provides:

"Every special election, held under the provisions of this article, shall be held and conducted in all respects in accordance with provisions of this act relating to November elections, and the provisions of this

act relating to November elections shall apply thereto in so far as applicable, and not inconsistent with any other provisions of this act. All such special elections held at the time of a regular primary or November election shall be conducted by the election officers by the use of the same equipment and facilities, so far as practicable, as are used for such primary or November election."

In Harrisburg Sunday Movie Petition Case, 352 Pa. 635, the question came before the court as to whether it was necessary that petitions for local option referendum on the question of Sunday movies must comply with the election laws of the Commonwealth. The lower court held that in order to have the question submitted in the manner provided by the election laws, it must be placed on the ballot by petitions which comply with the requirements for nomination petitions set forth in sections 908 and 909 of the Election Code. The lower court pointed out in this language approved by the Supreme Court (page 638 of the opinion) :

"The provisions of the election laws relating to the form of nomination petitions, and requiring the persons circulating them to swear to certain definite things, are necessary to prevent fraud . . . It is just as important for the petitions before us to have the names properly signed, with addresses, occupation and date of signature, and to be supported by affidavit as any petition filed in accordance with the Election Code."

The judgment of the lower court holding the petitions insufficient by reason of their noncompliance with the provisions of the election laws was affirmed by the Supreme Court.

At least by dictum the same rule is clearly applied to liquor local option referendum petitions by the Superior Court in the case of Soulchin Liquor License

Case, 163 Pa. Superior Ct. 372. In its opinion the Superior Court said:

"Upon the more important question, the court held, following an analogous case, Harrisburg Sunday Movie Petition Case, 352 Pa. 635, 44 A. 2d 46, that the provision of the Pennsylvania Liquor Control Act of November 29, 1933 (Special Session), P. L. 15, §502, as amended, 47 P. S. §744-502, requiring that local option referenda be conducted 'in the manner provided by the election laws of the Commonwealth' effectually incorporated the relevant commands of the Election Code into the Liquor Control Act, and that, consequently, objections to referendum petitions must be filed within seven days after the last day for filing election petitions, otherwise they 'shall be deemed to be valid': Election Code, supra, §977, 25 P. S. §2937.

"If we were free to examine the questions decided by the court below we should be unable to discover error."

In the case of Frederick M. Harper, Jr., Inc., Appeal, 150 Pa. Superior Ct. 569, it had already been held that the provisions of the Election Code so far as notice is concerned must be strictly complied with in a local option referendum and this decision was strictly in accord with the decisions of the Supreme Court in Kittanning Country Club's Liquor License Case, 330 Pa. 311, and Oncken et al. v. Ewing, 336 Pa. 43.

Several other lower courts have reached the same conclusion. In Crossan License, 63 D. & C. 39, the Quarter Sessions Court of Chester County held that a petition for local option referendum must comply with the provisions of the Election Laws in section 909 of the Pennsylvania Election Code of June 3, 1937, P. L. 1333. Likewise in the case of Commonwealth ex rel. McLaughlin et al. v. Franklin County Commissioners, 70 D. & C. 31, the Common Pleas Court of Franklin County said:

"The only logical conclusion is that the election laws of the Commonwealth apply to every phase of the procedure of submitting questions to the electorate to determine questions of local option as to the sale of malt and brewed beverages or liquor."

### III.

Under the provisions of the 1951 amendment to the election laws, signatures on local option petitions may not be obtained prior to May 5, 1951.

We have previously determined that the last day for filing a local option referendum petition was May 25, 1951. On March 6, 1951, the Governor of this Commonwealth approved an amendment to the Pennsylvania Election Code of 1937, which amendment became effective on the first day of May, 1951. Section 908 of the act was amended to read as follows:

"Manner of Signing Nomination Petitions;
Time of Circulating

". . . No nomination petition shall be circulated prior to twenty (20) days before the last day on which such petition may be filed, and *no signature shall be counted unless it bears date within twenty (20) days of the last day of filing the same.*" (March 6, 1951, P. L. 1.)

Section 953 of the Election Code was amended in a similar manner.

The law prior to this amendment was substantially the same except the time for circulating petitions was 30 days instead of 20 days.

It is, therefore, clear that no signature on a nomination petition taken prior to 20 days from the last date of filing the same can be counted in determining whether or not the petition is legally sufficient. Therefore, since the appellate courts have held that the provisions of the election laws relating to the circulation and filing of nomination petitions apply to petitions

for local option referenda, it follows that no signature upon a local option referendum petition can be counted if it bears a date prior to 20 days before the last day on which such petition can be filed. Since the last day to file local option petitions was May 25, 1951, no signature can be counted which bears a date prior to 20 days from that date or May 5, 1951. It therefore follows that the signatures appearing on the instant petition taken prior to May 5, 1951, are invalid and cannot be counted.

We do not see how any other conclusion can be reached in this case. As was said in the Harrisburg Sunday Movie Petition Case, supra, there must be some regulation governing the circulation of petitions for local option referenda. If the provisions of the election laws are not complied with then there is no limitation on the date that signatures may be obtained. It is certainly necessary and desirable that some reasonable limitation be placed upon the time for circulating these petitions and it is reasonable to conclude that the legislature intended that the time fixed by the election laws be the time for such action. It would have been easy enough for petitioners to have ascertained this information from Johnston's Election Guide, which is undoubtedly available in every court house in this Commonwealth, which sets forth in its election calendar for 1951 that May 5th is the "first legal day to obtain signatures to be filed with the County Commissioners for referendum for granting liquor licenses for the municipalities" and that May 25th is the last day to file such petitions with the county commissioners.

*Order*

And now, June 11, 1951, the objection to the petition is sustained and the county commissioners are directed to reject the same and return it to the person or persons filing this petition, together with a copy of this opinion.