## Wagner et al. v. Cumberland County Commissioners

*McCrea & McCrea*, for plaintiffs.

*William R. Mark*, for defendants.

*Mark E. Garber* and *James D. Flower*, for intervenors.

SHUGHART, P. J., April 2, 1953.—On March 19, 1953, electors residing within the Borough of Newville filed a petition for a referendum on the question of granting liquor licenses in the borough. At the present time, licensing of liquor and beer dispensing establishments in the borough is prohibited.

On March 23, 1953, plaintiffs filed this taxpayers' bill in equity, praying that defendants, who are the Commissioners of Cumberland County and, therefore, constitute the election board, be restrained from printing ballots for the purpose of having a referendum on the question at the primary election to be held on May 19, 1953. An answer to the bill was filed by the county solicitor, and also in behalf of one of the signers of the petition for the referendum who was permitted to intervene.

The facts have been stipulated by the parties and the matter has been argued before the court.

The sole basis for the attack upon the petition is that it was not filed in time to submit the question to the voters.

Section 472 of the Act of April 12, 1951, P. L. 90, known as the Liquor Code, as amended by the Act of January 19, 1951, P. L. (1952), 2170, sec. 1, 47 PS §4-472, provides in part as follows:

"Whenever electors . . . shall file a petition with the county board of elections of the county for a referendum on the question of granting any of said classes of licenses . . . the said county board of elections shall cause a question to be . . . submitted at the primary immediately preceding the municipal election

occurring *at least sixty days thereafter."* (Italics supplied.)

Plaintiffs admit that the present petition was filed 61 days before the election day but contend that the time for filing the petition is not controlled by the Liquor Code but by the Pennsylvania Election Code of June 3, 1937, P. L. 1333, which, as amended by the Act of March 6, 1951, P. L. 3, sec. 7, 25 PS §2873, provides, inter alia, that:

"(d) All nomination petitions shall be filed at least sixty-four (64) days prior to the primary."

In the case of Harrisburg Sunday Movie Petition Case, 352 Pa. 635, it was held that in order to submit the question with respect to Sunday movies "in the manner provided by the election laws" it had to be "placed on the ballot by petitions which comply with their requirements for nomination petitions. . . ." Counsel for plaintiffs argues that this case holds, therefore, that the petition in the present case is governed by the filing period set forth in the Election Code and not the Liquor Code, hence in this case it has been filed too late.

The case relied upon by plaintiffs is not controlling here. In the first place, the statute providing for a referendum on Sunday movies (Act of July 2, 1935, P. L. 599, as amended, sec. 3, 4 PS §59, et seq.) provided that the question should "be submitted, in the manner provided by the election laws of the Commonwealth. . . ." The statute stated no time within which the petition should be filed nor did it make any provisions respecting the petition, such as is contained in the Liquor Code here involved. The provisions of the Election Code were incorporated by reference into the Sunday Movie Act and, therefore, clearly made a part thereof.

Secondly, the question decided in that case was, that the petitions filed relative to submitting the ques-

tion to the electorate were invalid because they were not verified by affidavits, such as are required for petitions of candidates for public office. The decision in the Harrisburg Sunday Movie Petition Case does not require that the time for filing the petition in this case be governed by the Election Code.

After the provision relative to filing of a petition for a referendum, section 472 of the Liquor Code, supra, continues:

"Said proceedings shall be in the manner and subject to the provisions of the election laws which relate to the signing, filing and adjudication of nomination petitions, insofar as such provisions are applicable."

This language employed by the legislature makes it clear that it was intended that the Election Code cover all matters respecting the proceedings *not covered* by the Liquor Code itself. Had the question here involved the manner in which the signatures were placed on the petition, the verification as in the Harrisburg Sunday Movie Petition Case, supra, or the place for filing the petition, these matters would have been determined by the Election Code, for on them the Liquor Code was silent.

The legislature cannot be deemed to intend an absurd or unreasonable result: 46 PS §552. The amendment to the Election Code, referred to above, was passed on March 6, 1951, the Liquor Code amendment on January 19, 1952. If the intent was to have the filing period governed by the Election Code, then it was unreasonable and absurd to refer to a time for filing in the Liquor Code. The provision in the latter could have been simply that the question of local option be submitted in the manner provided by the election laws, as was done in the Sunday Movie Statute, supra.

The two statutes are not irreconcilable, nor in conflict, and rules of construction respecting such laws (46 PS §565 et seq.) are not applicable.

The provision requiring 60 days between the filing of the petition for a referendum and the election day has been a part of the Liquor Code ever since its enactment in 1933, and has never been changed: Kram v. Kane et al., 336 Pa. 113, 115. On the other hand, the period for filing nominating petitions before election has varied considerably: 50 days (Act of June 3, 1937, P. L. 1333) ; 71 days (Act of March 9, 1945, P. L. 29, sec. 4) ; 50 days (Act of May 15, 1945, P. L. 480; Act of May 24, 1945, P. L. 955) ; 64 days under the present act, supra. There would, therefore, appear no reason of expediency to require the period to be the same for the different types of petitions. Although the two periods have never been the same, this question has never arisen.

In dealing with the matter of regulating the dispensing of liquor by municipal ordinance, the Supreme Court held that the State legislature has completely covered the field by "its comprehensive liquor control act, an act that provides ample means to all communities to obtain prohibition at their option by vote of the people thereof": Sawdey Liquor License Case, 369 Pa. 19, 26. We believe that the legislature has by the same act provided for the time when petitions for submitting the question to the electorate shall be filed and the same are not controlled by the provisions of the Election Code.

The instant petition was filed within the period fixed by the Liquor Code; the submission of the question to the electorate cannot be restrained.

Whether the Borough of Newville will remain closed, or open its doors to the grant of liquor licenses, must rest in the capable hands of its resident electors.

And now, April 2, 1953, at 4:30 p.m., the bill of complaint filed in the above matter be and is hereby dismissed at the cost of plaintiffs.