## Waynesboro Sunday Movie Referendum Case.

Argued October 11, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*J. W. Keller,* with him *Keller & Keller,* for appellant.

*Anson B. Good,* with him *LeRoy S. Maxwell,* and *Maxwell & Good,* for appellee.

ORDER PER CURIAM, October 13, 1955:
The order of the Court below is affirmed at the cost of the respective appellant in each of the appeals.
Opinion will be filed later.

—————

OPINION BY MR. JUSTICE JONES, November 14, 1955:
These appeals are from an order of the court below sustaining objections to a petition filed with the County Commissioners of Franklin County for a referendum on the question of exhibiting motion pictures on Sunday in the borough of Waynesboro. The petition sought to have the statutorily prescribed question submitted to the electors of the borough at the municipal election to be held on November 8, 1955. The court below sustained the objections, dismissed the petition and directed the County Commissioners not to submit the question to the electorate. These appeals followed. Because of the urgency of an early and final disposition of the controversy, we advanced the date for the argument of the appeals; and, after considering the oral arguments and typewritten briefs of counsel, we

entered an order affirming the order of the court below, noting at the time that an opinion would be filed later.

The appellants raise two questions, viz., (1) whether a petition for a referendum on the showing of motion pictures on Sunday can be circulated for signatures only during the twenty days prior to the last day for filing such a petition and (2) whether objections to a referendum petition can be filed more than seven days after the petition has been filed with the corporate authorities of the municipality or political subdivision involved. The learned court below held that the petition could have been validly circulated only during the indicated twenty-day period and that objections are filed timely when filed within seven days of the last day for the filing of such a petition regardless of when it was filed with the corporate authorities.

The Sunday Motion Picture Act of July 2, 1935, P. L. 599, expressly adopted "the election laws of the Commonwealth" as the procedure to be followed in placing the question as to the showing of motion pictures on Sunday on the ballot for a local referendum. And, in due course, with the enactment of the Pennsylvania Election Code of 1937, P. L. 1333, the provisions of that Act became applicable to the filing of such petitions. In *Harrisburg Sunday Movie Petition Case,* 352 Pa. 635, 638, 44 A. 2d 46, where we affirmed, Mr. Chief Justice MAXEY stated the holding of the court below to be that "in order to have the question with respect to Sunday motion picture shows 'submitted in the manner provided by the election laws' it must be placed on the ballot by petitions which comply with their requirements for nomination petitions set forth in Sections 908 and 909 of the Election Code . . . and that the Act of 1935 by reference to the election laws makes the cited sections of the Act of 1937 applicable to peti-

tions filed under the 1935 Act." In short, a petition for a Sunday moving picture referendum must meet the requirements for nominating petitions under the Election Code in respect of form, time and manner of circulation and content. As was further said in the *Harrisburg Sunday Movie Petition Case,* supra, at p. 639, "all the safeguards the law has placed around nomination petitions in order to insure their genuineness, have also been placed around the petitions to be filed for the purpose of causing to be submitted to the electorate in any municipality the question whether or not motion and sound pictures may be exhibited in that municipality [on Sunday]."

Section 5 of the Sunday Motion Picture Act, cit. supra, as amended by the Act of June 25, 1941, P. L. 209, provides that "Such [referendum] petition shall be filed with the corporate authorities at least sixty (60) days before the day of any municipal election at which the question is to be submitted . . . ." As the date of the 1955 municipal election is November 8th, sixty days before that date is September 9th which is, perforce, the last day for the filing of a petition for a motion picture referendum at the ensuing municipal election. Manifestly, the last day for filing the petition with the *corporate authorities* could not possibly be beyond that date.

Since Section 908 of the Election Code of 1937, as amended, provides that "No nomination petition shall be circulated prior to twenty (20) days before the last day on which such petition may be filed, and no signature shall be counted unless it bears date within twenty (20) days of the last day of filing the same", it necessarily follows that the first day upon which signatures could be taken to a petition for a motion picture referendum at the 1955 municipal election was August 20th. But, the signatures to the petition in the instant

case were, as stipulated by counsel for all parties, obtained between June 2nd and August 15th, 1955. Consequently, none of the signatures to the petition was entitled to be counted. The express prohibition in Section 908 of the Election Code so dictated. All of the signatures actually bore dates prior to the first day (August 20th) upon which the petition could have been legally circulated. The petition was, therefore, patently deficient on its face and merited summary dismissal. It is admitted that the petition was filed with the corporate authorities of the borough on August 15th and was, by such authorities, certified to the County Commissioners on August 16th which was four days before the petition could have been legally circulated. Its invalidity is therefore beyond question.

But, the appellants argue that the petition was prima facie valid until questioned by appropriate objections and assert that the objections in the instant case were not filed timely. The contention plainly lacks merit. Section 977 of the Election Code of 1937, as amended, provides that "All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, within seven days after *the last day* for filing said nomination petition or paper, a petition is presented to the court of common pleas of the county in which the nomination petition or paper was filed, specifically setting forth the objections thereto, and praying that the said petition or paper be set aside" (Emphasis supplied). The last day for filing petitions for motion picture referenda at the 1955 municipal election was, as we have seen, September 9th; and that was the day upon which the protestants filed in the court below their objections to the referendum petition in the instant case. Thus, it clearly appears that the objections were filed within the seven days allotted for the pur-

pose. The appellants contend, however, that the seven days for objections were to be computed from the time of the filing of the referendum petition with the *corporate authorities* which, in this instance, was August 15th. The utter speciousness of this contention becomes readily apparent, as the learned court below pointed out, when it is recognized that seven days from August 15th would be August 22nd which left for objections only two days subsequent to the date (viz., August 20th) upon which the petition could have been legally circulated for signatures. The fact of the matter is that the petition did not actually have a legally effective filing date.

The correct rule is that the seven days allowed for objections to motion picture referenda petitions run from the last day for filing such petitions regardless of what time within the preceding twenty-day period such petitions were actually filed. This comports with the statutorily prescribed practice for the filing of objections to nominating petitions. There is one definite, uniform, last day for filing objections to nominating petitions in all instances and that is equally true as to objections to referenda petitions. *Pottsville Referendum Case,* 363 Pa. 460, 70 A. 2d 651, which the appellants cite, does not hold to the contrary. The last day for filing the referendum petition in that case was September 9, 1949, and objections thereto were not filed until October 10, 1949. The question whether the seven days for objections date from the time of filing the referendum petition with the *corporate authorities* or from the last day for filing such a petition was not material to the decision in that case as Mr. Chief Justice MAXEY expressly noted when he observed (p. 468) that "In the instant case such a problem does not present itself and the statutory period has expired" as indeed it had, long since.

The final order heretofore entered on the above appeals is confirmed.