In Re: Application To Compel Acceptance of Nomination Papers for John D. Owens as Candidate for Wyoming Area School Director. John D. Owens, Appellant.

Argued October 21, 1981, before President Judge CRUMLISH and Judges WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*James F. Geddes, Jr., Silverblatt & Townend,* for appellant.

*Ralph J. Johnston,* Luzerne County Solicitor, with him, *John J. Gill,* Assistant Luzerne County Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, October 29, 1981:

John D. Owens (Appellant), as the nominee of "Citizens Choice," filed nomination papers with the Luzerne County Registration Commission and Election Bureau (Election Bureau) seeking to have his name placed on the ballot for the municipal election to be held November 3, 1981, for the office of school director in the Wyoming Area School District. A vacancy in the school board occurred at a point in time when the provisions of Section 315 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §3-315 became applicable. Both the Republican and Democratic parties of Luzerne County have submitted nominees to represent their respective parties on the ballot for the municipal election in November.

The Election Bureau rejected Appellant's nominating papers for the reason that there was not affixed thereto an affidavit as required by Section 951(e)(6) of the Pennsylvania Election Code, Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. §2911(e)(6) setting forth that the candidate had not been a registered or enrolled member of a party thirty (30) days before the May primary. Appellant admits that no such affidavit was filed and that the reason he could not file the affidavit was because he did have a party affiliation during that critical time period.

Appellant contends, nevertheless, that the Election Bureau acted erroneously when it rejected his nomination papers and filed a timely appeal with the Court

of Common Pleas of Luzerne County which affirmed the action of the Election Bureau. It is the order of that Court which is before us now in this appeal. We affirm.

Appellant's arguments are four-fold. First, he says that failure to file the requisite affidavit is not a proper grounds for the Election Bureau to reject his nomination papers. To the contrary, Section 976 of the Election Code, 25 P.S. §2936, provides that no nomination paper shall be permitted to be filed if it contains defects on the face thereof. The failure to attach a required affidavit is such a defect. Next, the Appellant says that since there was no primary election involved, Appellant had no opportunity to disaffiliate because he could not know who the party nominees might be or even that there would be a vacancy. Any unfairness arising by virtue of the peculiar circumstances now before us must be remedied by the legislature and not this Court. Third, Appellant argues that since school directors may cross-file, such elections are not "political" and therefore political affiliation should not be a criterion in such elections. Appellant's premise may be sound, ideologically, but practice has not borne out that ideal. Moreover, the Election Code makes no exceptions to the requirement for the filing of the affidavit. Since the legislature made no such provisions, neither may we. Finally, Appellant makes a broad-based attack on the constitutionality of the mandated affidavit. Our review of the legislation makes it abundantly clear to us that the affidavit denies equal protection to no one nor does it inhibit a citizen's free choice of political party affiliation, deny due process to eligible candidates or infringe upon their civil rights. Rather, we believe the amendment to the Election Code which requires the affidavit was a necessary and laudable effort on the part of the legislature to prevent disappointed

candidates from forming their own political conclaves to get their names on a ballot by circumventing the provisions of the Election Code which provide for an orderly political process through the operation of the political party system but which still preserves the rights of those who may prefer to have no political affiliation.

Order affirmed.

ORDER

AND Now, this 29th day of October, 1981 the order of the Luzerne County Court of Common Pleas entered October 2, 1981, denying the application of John D. Owens to compel acceptance of his nomination papers for the municipal election of 1981, is affirmed.