### In re Petition of Doug WERNER.

### Appeal of Karen JOHNS, Appellant.

Commonwealth Court of Pennsylvania.

Argued June 20, 1995.

Decided July 19, 1995.

**36**

Samuel C. Stretton, for appellant.

Thomas A. Riley, Jr., for appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Phoenixville Borough Councilperson Karen Johns (Johns) appeals from the May 4, 1995 order of the Court of Common Pleas of Chester County (trial court) granting the Petition of Phoenixville Borough Councilperson Doug Werner (Werner) and setting aside as fatally defective the March 28, 1995 Protest Petitions against Borough Ordinance No. 1745 filed with the Board of Elections of Chester County. We affirm the trial court's order.

1. Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 47409.

2. (May 4, 1995 Hearing, Exhibit P–3.)

## Background

On March 14, 1995, the Borough Council of Phoenixville passed Ordinance No. 1745 allowing the Borough to sell the Schuylkill Water System to the Philadelphia Suburban Water Company, Inc. (May 4, 1995 Hearing, Exhibit P–1.) On March 20, 1995, Mayor Charles Ash Jr. signed the Ordinance into law. (May 4, 1995 Hearing, N.T. 97.)

Pursuant to Section 2409 of The Borough Code,[1] Johns organized a protest against the Ordinance and approximately 1200 borough residents signed petitions. (May 4, 1995 Hearing, Exhibit P–5.) It is undisputed that the Borough has approximately 6,219 registered voters. On March 24, 1995, Johns submitted the petitions to the Borough Secretary *in accordance with Section 2409 of the* Borough Code, 53 P.S. § 47409. (May 4, 1995 Hearing, Exhibit D–2.) That same day, the Borough Solicitor received the petitions and advised all councilpersons that the signatures obtained prior to the March 20, 1995 enactment of the Ordinance were invalid. (May 4, 1995 Hearing, Exhibit P–4.)

On March 28, 1995, the Borough Secretary certified the petitions to the Chester County Board of Elections,[2] which accepted the petitions. (May 4, 1995 Hearing, N.T. 96.) On April 11, 1995, Werner filed a challenge to the signatures on the petitions, alleging inter alia that they were defective because they did not contain an affidavit in compliance with the Pennsylvania Election Code (Election Code).[3]

On May 4, 1995, the trial court held a hearing and allowed Johns to intervene formally in the matter. At the conclusion of the hearing, the trial court granted Werner's Petition and dismissed the Protest Petitions as fatally defective for failure to attach an affidavit. (May 4, 1995 Hearing, N.T. 163–65.) Johns filed a timely appeal with this Court on May 11, 1995.

3. Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2601–3591. Sections 907 and 908 of the Code, 25 P.S. §§ 2867, 2868, provide detailed procedures for the circulation and verification of *nomination* petitions.

## Issues

The principal issue before us is whether, given the fact that Section 2409 of the Borough Code neither specifies that protest petitions have to be accompanied by an affidavit nor references the Election Code, the trial court erred in determining that the Protest Petitions were fatally defective because they lacked affidavits.

■ Additionally, Johns argues that the proponents of the Borough Ordinance are equitably estopped from attacking the validity of the petitions, because both the Borough Secretary and the Board of Elections accepted them for filing without questioning the lack of affidavits. Finally, Johns argues that Werner's court challenge to the protest petitions was not timely filed.[4]

## Discussion

### *Lack of Affidavits*

Johns filed the Protest Petitions pursuant to Section 2409 of the Borough Code:

**§ 47409. Sale of waterworks**

By ordinance, a borough may sell all or part of its waterworks and/or water distribution system to a purchaser at such price as the parties may agree upon, and thereafter for all purposes that price shall be deemed to be the purchaser's original cost less accrued depreciation of the plant at the date of purchase: Provided, That no such ordinance shall take effect until the expiration of ten days following its enactment and if, within such ten-day period, a protest signed by at least ten percent of the registered electors of the borough shall be filed with the borough council, such sale shall be stayed pending a referendum on the ordinance. The borough secretary within five days following the filing of such protest, shall certify to the county board of elections a copy of the ordinance and the fact of the protest, together with the number of signers thereof, and the county board of elections shall direct a referendum to be held on the matter at a special election to be held at the time of the next general or municipal or primary election occurring not less than sixty days from the date of such certification by the borough secretary. Such referendum shall be conducted by the county board of elections in the manner provided by the Pennsylvania Election Code for the holding of special elections.

53 P.S. § 47409. (footnote omitted).

On appeal to this Court, Johns argues that the strict requirement in the Election Code mandating that petitions contain affidavits is inapplicable to Section 2409 of the Borough Code. Thus, since she complied with the above-quoted protest statute, Johns contends that the trial court erred in holding her to the higher Election Code standard.

Both parties cite *Harrisburg Sunday Movie Petition Case,* 352 Pa. 635, 44 A.2d 46 (1945), which involved petitions seeking to have a question regarding Sunday motion picture shows placed on the ballot. In that case, our Supreme Court considered the issue of whether, given the absence of an affidavit requirement in the statute providing for submission of the Sunday movie question to the electorate, the trial court erred in determining that the petitions were legally insufficient because they lacked affidavits. In concluding that the trial court correctly determined that, absent the affidavits, the petitions were invalid for failure to comply with the Election Code, the Court held as follows:

The [trial] court pertinently points out that "Only by applying the provisions of the Election Code to this determination [with respect to Sunday motion picture shows] is an orderly procedure established. Otherwise there is nothing to regulate the form of the petitions or what they should contain." The court adds: "The provisions of the election laws relating to the form of nomination petitions, and requiring the person circulating them to swear to certain definite things, are necessary to prevent fraud. It is just as important for the petitions before us to have the names

---

4. Absent a clear abuse of discretion or clear error of law, we will not disturb the decision of the trial court in an appeal involving the Election Code. *In re Certificate of Nomination for the 143rd Legislative District,* 535 Pa. 2, 634 A.2d 155 (1993).

properly signed, with addresses, occupation and date of signature, to be supported by affidavit as any petition filed in accordance with the Election Code. . . .

. . . .

The filing of petitions with agencies of government, which petitions are to be the basis of official actions by those agencies, without appropriate verifications of such petitions by some person who is qualified to certify under oath to the genuineness of those petitions to the best of the affiant's information and belief, would be an anomaly in the administration of our government, and we cannot believe that the legislature intended to either authorize or tolerate such an anomaly in the petitions it provided for as the basis of holding a municipal election on the question of permitting motion pictures on Sunday.

*Harrisburg Sunday Movie Petition Case,* 352 Pa. at 638–39, 44 A.2d at 47. *See also In re: Petition of Election of Two Additional Supervisors in Birmingham Township,* 120 Pa.Commonwealth Ct. 586, 549 A.2d 620 (1988) (holding that the Election Code applies to nominating petitions seeking to place a question on the ballot, but that a petition is amendable to add missing occupation data).

The Supreme Court again recognized the sanctity of the Election Code's affidavit requirement in *Petition of Cianfrani,* 467 Pa. 491, 494, 359 A.2d 383, 384 (1976):

[T]he provisions of the election laws relating to the form of nominating petitions and the accompanying affidavits are not mere technicalities but are necessary measures to prevent fraud and to preserve the integrity of the election process. *See, e.g. Catherine Township Liquor Referendum Case,* 382 Pa. 291, 293, 114 A.2d 145, 146 (1955); *Harrisburg Sunday Movie Petition Case,* 352 Pa. 635, 638, 44 A.2d 46, 47 (1945). The requirements of sworn affidavits are to insure the legitimacy of information crucial to the election process. Thus, the policy of the liberal reading of the Election

Code cannot be distorted to emasculate those requirements necessary to assure the probity of the process.

*See also In re Jones,* 505 Pa. 50, 476 A.2d 1287 (1984); *In re Owens,* 62 Pa.Commonwealth Ct. 281, 436 A.2d 260 (1981); *In Kloiber Nominating Petition,* 26 Pa.Commonwealth Ct. 50, 362 A.2d 484 (1976) (a complete absence of an affidavit is not an amendable defect).

■ We find *Harrisburg Sunday Movie Petition Case* to be controlling and, accordingly, conclude that, even though Section 2409 does not contain an affidavit requirement, the Election Code's affidavit requirement[5] is nonetheless applicable.

### Estoppel

■ We agree with the trial judge that Werner is not estopped from challenging Johns' protest because of the Borough Secretary's acceptance of the protest petitions and forwarding of the appropriate documents to the county election officials. As noted by Judge MacElree, the Borough Code mandates that if within ten days of the enactment of an ordinance by a borough to sell all or part of its waterworks and/or water distributions system, a protest has been filed with the borough by at least ten percent of the registered electors, "[t]he borough secretary within five days following the filing of such Protest, *shall* certify to the county board of elections a copy of the ordinance and the fact of the Protest, together with the number of signers thereof. . . ." 53 P.S. § 47409 (emphasis added).

Judge MacElree concluded (slip opinion at 5) that the Borough Secretary, by forwarding the protest to the county, was simply following the mandate of the Borough Code and that her actions did not give rise to any rights inuring to the benefit of Ms. Johns.

### Timeliness

Johns argues that Werner's petition to set aside the referendum election was not timely

---

**5.** *Harrisburg Sunday Movie* held that the affidavit should include, inter alia, a sworn verification that the signers were electors, who resided at the address given, and that the signatures were genu-

ine. *See* 25 P.S. §§ 2867, 2868 for the detailed requirements for nomination petitions and affidavits.

filed with the Chester County Common Pleas Court. We disagree. The Election Code provides in relevant part:

> All nomination petitions and papers received and filed within the periods limited by this act shall be deemed to be valid, unless, *within seven days after the last day for filing said nomination petition or paper*, a petition is presented to the court specifically setting forth the objections thereto, and praying that the said petition or paper be set aside.

25 P.S. § 2937.

It is undisputed that the Phoenixville Mayor signed the ordinance on March 20, 1995; that the last date for Johns and the other protestants to submit their protest to the Borough under 53 P.S. § 47409 was ten days later on March *30*, 1995; that the same section of the Borough Code required the Borough Secretary to file a copy of the protest with the Board of Elections within five days thereafter, i.e. on April 4, 1995; and that the Election Code (25 P.S. § 2937) provides that court objections must be filed within seven days "after the last day for filing," i.e. on or before April 11, 1995.

■ Johns argues that the last day "for filing' under § 2937 here is March *28*, 1995 when the protest was **actually filed** and that the seven day time clock started running then. We disagree. We agree with the trial court's conclusion that *In re: Referendum for Sunday Movie Picture Exhibitions in Borough of Waynesboro*, 383 Pa. 162, 117 A.2d 699 (1955) mandates that the seven days for objections to referenda petitions runs from the last day for filing such petitions regardless of when such petitions were actually filed. Therefore, Werner's last day was April 11, 1995. He filed his challenge to the referendum on that date and therefore was timely.

Affirmed.

## ORDER

AND NOW, this 19th day of July, 1995, the order of the Court of Common Pleas of Chester County, dated May 4, 1995, is hereby affirmed.

NEWMAN, J., did not participate in the decision in this case.